2011 UT App 197

**Lane WARENSKI, Plaintiff and Appellant,**

v.

**ADVANCED RV SUPPLY; Arctic Cat, Inc.; and John Does I–V, Defendants and Appellee.**

**No. 20100224–CA.**

Court of Appeals of Utah.

June 23, 2011.

Daniel F. Bertch and Kevin K. Robson, Salt Lake City, for Appellant.

Richard K. Glauser and M. Blake Hill, Sandy, for Appellee.

Before Judges DAVIS, VOROS, and CHRISTIANSEN.

## MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶ 1 Plaintiff Lane Warenski appeals the district court's grant of summary judgment on his negligence claim in favor of defendant Advanced RV Supply. We affirm.

¶ 2 Warenski brought a negligence action against Advanced RV Supply, alleging that its failure to properly inspect and repair a tie rod on Warenski's all-terrain vehicle (ATV) caused him to crash. After the parties completed discovery, Advanced RV Supply filed a summary judgment motion setting forth facts and expert opinion evidence challenging Warenski's claim that improper installation of the tie rod caused his accident. Specifically, Advanced RV Supply argued that based upon its expert's opinion, combined with Warenski's failure to disclose an expert to establish that Advanced RV Supply breached its duty, Warenski could not establish the elements of negligence or the foundational elements of res ipsa loquitur. Warenski replied by arguing that he had produced an expert, Fred Smith, to rebut Advanced RV Supply's expert's opinion, to establish the standard of care, and to establish the ele-

ments of res ipsa loquitur.[1] Alternatively, Warenski argued that "the standard of care [wa]s apparent to any average person of ordinary intelligence," which suggested that no expert was needed to establish the standard of care.

¶ 3 The district court, in granting Advanced RV Supply's summary judgment motion, determined that "1. [Warenski] ha[d] not designated an expert[;] 2. [Warenski] relie[d] upon the doctrine of res ipsa loquitur, but [he could] not meet all three of the elements for the doctrine to apply; and 3. There [wa]s no factual issue as to the cause of the accident." Warenski appeals.

¶ 4 On appeal, Warenski argues that the district court erred in granting summary judgment because he "should have [been] allowed to proceed to trial on a theory of res ipsa loquitur." Specifically, Warenski asserts that Fred Smith's expert opinion established the res ipsa loquitur elements, or alternatively, that no expert opinion was needed because "[i]t is a matter of common experience by any licensed driver that brand new tie rods do not suddenly become disassembled nine . . . days after installation, unless there is negligence."

¶ 5 Advanced RV Supply, as the party moving for summary judgment on an issue that Warenski had the burden to prove at trial, "may satisfy its burden on summary judgment by showing, by reference to 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' that there [wa]s no genuine issue of material fact." *Orvis v. Johnson*, 2008 UT 2, ¶ 18, 177 P.3d 600 (quoting Utah R. Civ. P. 56(c)). "Upon such a showing, . . . the burden then shifts to [Warenski,] the *nonmoving* party, who 'may not rest upon the mere allegations or denials of the pleadings,' but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Utah R. Civ. P. 56(e)). "An appellate court reviews a trial

---

1. Despite Advanced RV Supply's argument that Warenski failed to establish that it had breached its duty, Warenski's opposition to Advanced RV Supply's summary judgment motion did not address the breach of duty element but instead focused on the duty or standard of care and the elements of res ipsa loquitur. To prove his negligence claim, Warenski needed to establish both duty and breach of that duty. *See generally Webb v. University of Utah*, 2005 UT 80, ¶ 9, 125 P.3d 906.

court's 'legal conclusions and ultimate grant or denial of summary judgment' for correctness, and views 'the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.' " *Id.* ¶ 6 (citations omitted). We also recognize that "because negligence cases often require the drawing of inferences from the facts, which is properly done by juries rather than judges, summary judgment is appropriate in negligence cases only in the clearest instances." *Price v. Smith's Food & Drug Ctrs., Inc.,* 2011 UT App 66, ¶ 7, 252 P.3d 365 (internal quotation marks omitted). This is one of those instances.

■ ¶ 6 Generally,

[t]o establish a claim of negligence, the "plaintiff must establish four essential elements: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages."[2]

*Webb v. University of Utah,* 2005 UT 80, ¶ 9, 125 P.3d 906 (citation omitted). Warenski argued in both his opposition to summary judgment and this appeal that Fred Smith's deposition testimony established the duty or standard of care Advanced RV Supply owed to Warenski, which was to properly replace the tie rod on Warenski's ATV. Even if Smith's testimony established the standard of care or if Warenski did not need an expert to establish the standard of care, to succeed in his negligence claim Warenski also needed to establish that Advanced RV Supply breached its duty by not properly installing the tie rod and that this breach caused Warenski's injuries. *See id.*

■ ¶ 7 Rather than directly establishing that Advanced RV Supply breached its duty by not properly installing the tie rod on Warenski's ATV and that "the breach of duty was the proximate cause of [Warenski]'s injury," *see id.,* Warenski solely relied on the res

ipsa loquitor doctrine to establish the breach and causation elements of negligence.

Th[e] foundation [for res ipsa loquitur] is usually established by proving the following three elements: (1) the accident was of a kind which, in the ordinary course of events, would not have happened had the defendant used due care; (2) the agency or instrumentality causing the accident was at the time of the accident under the exclusive management or control of the defendant; and (3) the plaintiff's own use or operation of the agency or instrumentality was not primarily responsible for the accident.

*King v. Searle Pharm., Inc.,* 832 P.2d 858, 861 (Utah 1992). If a plaintiff establishes the res ipsa loquitur elements, an inference of negligence arises and the case is sent to the jury who "may choose either to accept or reject that inference." *Id.*

■ ¶ 8 In an attempt to refute Advanced RV Supply's expert and establish the res ipsa loquitur elements, Warenski relied on Smith's opinion. However, that reliance was misplaced, as the district court noted, because Warenski "ha[d] not designated [Smith as] an expert." Instead, Warenski designated Smith as a fact witness. In fact, when a dispute arose about what type of witness Smith was, Warenski's counsel gave a sworn statement that he had "not specifically retained any expert witness in this case, including ... Fred Smith." Yet, Warenski then attempted to use Smith to opine on how far the tie rod threads should have been engaged, how a tie rod might detach without stripping the tie rod's threads, and the effect on steering if a tie rod detaches. This testimony was clearly "based on scientific, technical, or other specialized knowledge," and thus, Smith's opinion was expert testimony rather than fact testimony. *See* Utah R. Evid. 701; *State v. Sellers,* 2011 UT App 38, ¶ 26, 248 P.3d 70 ("A lay witness may testify in the form of fact or opinion to information within her personal knowledge or perception when it is helpful to the finder of fact and it

---

2. Advanced RV Supply addressed the damage element and the lack of expert testimony to support Warenski's damage claim in a separate summary judgment motion that the district court did not address because its dispositive disposition of the other issues related to lack of expert testimony and failure to prove the res ipsa loquitur elements. Likewise, we do not address any issue associated with damages.

is 'not based on scientific, technical, or other specialized knowledge.' In other words, if 'an average bystander would be able to provide the same [type of] testimony,' an expert is not required." (alteration in original) (citations omitted)).

¶ 9 If Warenski wished to rely on Smith's expert opinion, then Warenski was required to take the necessary steps to properly designate Smith as an expert witness.[3] *See* Utah R. Evid. 702; Utah R. Civ. P. 26(a)(3). Thus, the district court correctly determined that Warenski "ha[d] not designated an expert," and we will not consider Smith's expert opinion in our analysis.

¶ 10 Nevertheless, as Warenski argues on appeal, expert testimony is ordinarily not required when attempting to establish the elements of res ipsa loquitur.

In ordinary res ipsa loquitur cases, the foundation from which a logical conclusion can be drawn that an injury was probably caused by negligence is the common knowledge and experience of the community with respect to how such events generally occur.[4] In some kinds of cases, however, the circumstances giving rise to the injury and the probabilities that the causative factors were created by a breach of legal duty are outside the realm of the common knowledge and experience of lay persons.

*King,* 832 P.2d at 862 (citation omitted). "However, when the circumstances and the probabilities as to the causative factors of an accident lie within the ken of experts, expert evidence is necessary to establish a foundation that gives rise to an inference of negligence." *Id.*

¶ 11 The breach of duty and causative factors of Warenski's ATV accident are not in the common knowledge and experience of the average person, and thus, an expert was needed to establish the elements of res ipsa loquitur. *See id.* In other words, the average person would not be knowledgeable about how a tie rod is properly installed, what dangers may result if the tie rod is not properly installed, or how a tie rod could become disconnected. Therefore, expert testimony was necessary to set forth the factual foundation of the tie rod mechanism and to thereafter opine about the breach and cause of Warenski's accident.

¶ 12 To avoid summary judgment, Warenski was required to rebut Advanced RV Supply's evidence and to establish each of the res ipsa loquitur elements. Without Smith's expert analysis and opinion, Warenski produced no evidence to rebut Advanced RV Supply's undisputed evidence that clearly established Warenski could not prove the first element of res ipsa loquitur, i.e., that "the accident was of a kind which, in the ordinary course of events, would not have happened had the defendant used due care,"

---

3. Warenski's suggestion that the district court's exclusion of Smith's expert opinion was a sanction for failing to properly designate Smith as an expert is also misplaced. The district court did not need to exclude Smith's expert opinion because Warenski continually asserted he had not retained Smith as an expert and thus, implied Smith was not subject to disclosure requirements of rule 26(a)(3) of the Utah Rules of Civil Procedure. Additionally, Warenski's attempts to distinguish between a "specifically retained" expert and a "nonretained" expert are unavailing because either would need to be designated as an expert witness. *See generally* Utah R. Civ. P. 26(a)(3)(A); *Drew v. Lee,* 2011 UT 15, ¶¶ 8, 17–19, 29–30, 250 P.3d 48 (discussing the requirements of rule 26, analyzing the difference between retained and nonretained experts, and determining that while an expert report is not needed for a nonretained expert, the nonretained expert would still need to be disclosed as per rule 26).

4. In the more common res ipsa loquitur case involving medical malpractice, "expert testimony is not necessary to establish the applicable standard of care in a case 'where the propriety of the treatment received is within the common knowledge and experience of the lay[person],'" *Nielsen v. Pioneer Valley Hosp.,* 830 P.2d 270, 273–74 (Utah 1992) (citation omitted), such as a case where the plaintiff is unconscious in an operating room when the injury occurs. *See Dalley v. Utah Valley Reg'l Med. Ctr.,* 791 P.2d 193, 199 (Utah 1990) ("[W]here plaintiff is virtually incapacitated and where the injury occurred in a very confined and sterile environment such as an operating room, we hold that it is within the common experience and knowledge of laypersons that whatever caused the burn to plaintiff's leg was, by all reasonable probability, inside the operating room. We also hold that it is within the common experience and knowledge of laypersons that whatever caused the burn was within defendants' control.").

see *King v. Searle Pharm., Inc.,* 832 P.2d 858, 861 (Utah 1992). To establish this element, Warenski "must have presented evidence that the occurrence of the incident [wa]s 'more probably than not caused by negligence.' [He] need not eliminate all possible inferences of non-negligence, but the balance of probabilities must weigh in favor of negligence, or res ipsa loquitur does not apply." *Ballow v. Monroe,* 699 P.2d 719, 722 (Utah 1985) (citation and emphasis omitted); *see also Robinson v. Intermountain Health Care, Inc.,* 740 P.2d 262, 266–67 (Utah Ct. App.1987) (holding that the plaintiff failed to provide expert testimony that disputed the defendant's evidence that negligence was not the cause of the accident). Here, Advanced RV Supply's expert's testimony established that the tie rod had not disconnected and caused the accident as Warenski claimed. Warenski produced no evidence [5] or admissible expert testimony to rebut Advanced RV Supply's theory or to establish that this accident would not have occurred if Advanced RV Supply had used due care. Thus, Warenski did not establish the first element of res ipsa loquitur.

¶ 13 Similarly, he did not establish the second element, i.e., that "the agency or instrumentality causing the accident was *at the time of the accident* under the exclusive management or control of" Advanced RV Supply. *See King,* 832 P.2d at 861 (emphasis added). Warenski's only argument in his opposition to summary judgment was that Advanced RV Supply "had control of the ATV [at the time] it was being repaired." Warenski did not dispute the evidence that he was driving the ATV at the time of the accident. Thus, Warenski also did not establish the second element of res ipsa loquitur.

¶ 14 Because Warenski did not properly dispute Advance RV Supply's evidence, Warenski could not establish the first and second elements of his res ipsa loquitur theory, on which he solely relied to establish the breach and causation elements of negligence. Therefore, Warenski's negligence claim failed as a matter of law, and the district court correctly granted summary judgment in favor of Advanced RV Supply.

¶ 15 I CONCUR: J. FREDERIC VOROS JR., Judge.

¶ 16 I CONCUR IN THE RESULT: JAMES Z. DAVIS, Presiding Judge.

---

**5.** On appeal, Warenski suggests that portions of his testimony should be considered to rebut Advanced RV Supply's expert testimony. However, we do not consider the portions cited in his reply brief because that testimony was not included in his memorandum opposing Advance RV Supply's summary judgment. *See generally* Utah R. Civ. P. 56(c); *id.* R. 7(c)(3)(A)-(B) (requiring facts in a summary judgment memorandum to be numbered and supported by citation to the record).