2014 UT App 246

# THE UTAH COURT OF APPEALS

LINDA RAND,
Plaintiff and Appellant,
*v.*
KOA CAMPGROUNDS, VICTORIA ORME, DOUG ROBINSON,
DON BOOTHROYD, MARLENE BOOTHROYD, ELDON HURST, AND
J-J BAKD LC,
Defendants and Appellees.

Memorandum Decision
No. 20130873-CA
Filed October 17, 2014

Third District Court, Salt Lake Department
The Honorable Kate A. Toomey
No. 090908605

Linda Rand, Appellant Pro Se

Joseph E. Minnock and Anna Nelson, Attorneys for
Appellees KOA Campgrounds, Victoria Orme,
Doug Robinson, Don Boothroyd, Marlene
Boothroyd, and J-J Bakd LC

SENIOR JUDGE PAMELA T. GREENWOOD authored this
Memorandum Decision, in which JUDGES STEPHEN L. ROTH and
JOHN A. PEARCE concurred.[1]

GREENWOOD, Senior Judge:

¶1    Plaintiff Linda Rand appeals the trial court's order
dismissing her claims against Defendants KOA Campgrounds,

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by
special assignment as authorized by law. *See generally* Utah R. Jud.
Admin. 11-201(6).

Victoria Orme, Doug Robinson, Don Boothroyd, Marlene Boothroyd, J-J Bakd LC (collectively, KOA), and Eldon Hurst. We affirm.

¶2    In September 2001, Rand moved into a mobile home park owned by KOA. Rand's rent was due on a monthly basis, one month in advance, and Rand paid rent faithfully for several years. However, in 2005, Rand did not make her rent payment that was due April 15. After KOA served Rand with a notice to pay or quit, payment for the month running April 15 to May 16 was eventually made on May 24.

¶3    On May 25, 2005, Rand fell down exterior stairs of a restaurant that Eldon Hurst and his wife operated within the mobile home park. According to Rand, her fall resulted from Hurst bumping into her with a garbage can. Hurst, however, testified that he was not present when Rand fell. Rand sustained injuries from her fall and was taken to the hospital. Although Rand was discharged later that day, she returned to the hospital a few days later and had surgery on her ankle. Rand was transferred to a care center after her surgery, where she stayed for about eighteen months.

¶4    On July 14, 2005, while Rand was in the care center, KOA moved her mobile home to a fenced storage area within the park. Although Rand at one point requested that KOA continue to store the mobile home until rent and storage fees issues were resolved, KOA eventually sent Rand a letter on April 25, 2006, stating that it considered Rand's property abandoned and that she needed to pay the balance due within thirty days. Rand replied that her mobile home was not abandoned, but she made no further payments on her past due balance. Rand's mobile home was towed from KOA's storage area to another company's lot on June 20, 2006. Rand was informed that she could regain possession of the mobile home by paying a $110 towing fee, but she failed to take any steps to redeem her property at the new location. The parties are uncertain as to what ultimately happened to the mobile home.

¶5      Rand subsequently filed this action, asserting four causes of action: negligence-personal injury, negligent interference with personal property, conversion, and trespass to chattels, and seeking punitive damages. After a bench trial, the trial court ultimately found in favor of Defendants on all theories. Rand appeals, primarily contesting various fact findings made by the trial court. "We will reverse a trial court's findings of fact only when such findings are clearly erroneous." *Bonnie & Hyde, Inc. v. Lynch*, 2013 UT App 153, ¶ 13, 305 P.3d 196.

## I. Personal Injury Negligence Claim

¶6      Rand contests the trial court's decision on her negligence claim arising from her fall down the restaurant stairs.

> Generally, [t]o establish a claim of negligence, the plaintiff must establish four essential elements: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages.

*Warenski v. Advanced RV Supply*, 2011 UT App 197, ¶ 6, 257 P.3d 1096 (citation and internal quotation marks omitted). The plaintiff in a negligence action bears the burden of proving each element. *Id.*

¶7      As to Rand's assertion that Hurst caused her fall by bumping into her or dropping a garbage can on her, the trial court determined that Rand's evidence was insufficient. Specifically, the trial court found that Hurst's testimony that he was not present when Rand fell down the stairs was credible, and therefore concluded that he did not cause her fall or the resulting injuries. Rand challenges this finding and legal conclusion by arguing that her doctors told her that her injuries could have only happened to a person her size if something very heavy fell on her. She therefore

argues that the physical damage she sustained proved that Hurst knocked her down the stairs.

¶8      However, Rand did not call as witnesses anyone who treated her or who could provide expert testimony related to her injuries and their possible causes. Further, many of the injuries that she testified about were not mentioned in the medical records submitted by Rand as evidence of her injuries. Because Rand failed to present evidence supporting her assertion that her injuries indicate that something was dropped on her, the trial court's finding of fact on this matter is not clearly erroneous.

¶9      As to Rand's contention that the stairs were unsafe,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Hale v. Beckstead*, 2005 UT 24, ¶ 8, 116 P.3d 263 (emphasis omitted) (quoting Restatement (Second) of Torts § 343 (1965)). The trial court found that the stairs did not involve an unreasonable risk of harm to invitees. After hearing testimony and considering photographs of the stairs submitted by Rand, the trial court found, "The steps are not broken, and the carpet is not loose. Handrails on either side of the door are positioned slightly higher than the handle on the door leading into the café." Rand interprets the photographs differently, but we do not see that the trial court's interpretation is clearly erroneous.

¶10     Rand also argues that the lack of building permits, inspections, and licenses among the submitted evidence show that

the premises were not safe. Indeed, Rand asserts that "[a] building inspection is the only acceptable proof of a safe stairway in a public building." However, Rand provides no legal support for this broad assertion, nor does such an assertion recognize that Rand, not Defendants, bears the burden of proof. We therefore decline to disturb the trial court's findings and resulting legal conclusions as to negligence.[2]

## II. Conversion

¶11    Rand next contests the trial court's determination on her conversion claim.

> To prove conversion, a party must establish "an act of willful interference with property, done without lawful justification, by which the person entitled to property is deprived of its use and possession," and that the party "is entitled to immediate possession of the property at the time of the alleged conversion."

*Jones & Trevor Mktg., Inc. v. Lowry*, 2010 UT App 113, ¶ 15 n.13, 233 P.3d 538 (quoting *Bennett v. Huish*, 2007 UT App 19, ¶ 31, 155 P.3d 917), *aff'd*, 2012 UT 39, 284 P.3d 630. The trial court determined that conversion was not shown because any interference by KOA with Rand's property was lawfully justified.

¶12    The trial court determined that KOA was lawfully justified in interfering with Rand's property under two alternative abandonment provisions of the Utah Code. The trial court found proof of abandonment was established by the evidence presented under both section 57-16-13 of the Mobile Home Park Residency Act and section 78B-6-815 of the Utah Code.

---

2. In light of our decision affirming the trial court's dismissal of Rand's negligence claims, we need not reach Rand's arguments regarding whether a landlord–tenant relationship existed between KOA and Hurst and which party would be liable for her fall.

¶13 The applicable provision in the Mobile Home Park Residency Act states,

> Abandonment of a mobile home space and a mobile home within a mobile home park is presumed [when] . . . (1)(a) the resident or occupant of the mobile home has not notified the park that the resident or occupant will be absent from the mobile home space or mobile home, and the resident or occupant fails to pay rent within 45 days after the due date; and (b) the mobile home park owner has no reasonable evidence, other than the presence of the resident's or occupant's personal property, that the resident or occupant is continuing to occupy the mobile home space and the mobile home . . . .

Utah Code Ann. § 57-16-13 (LexisNexis 2012).[3] Similarly, section 78B-6-815 provides,

> "Abandonment" is presumed [when] . . . (1) [t]he tenant has not notified the owner that he or she will be absent from the premises, and the tenant fails to pay rent within 15 days after the due date, and there is no reasonable evidence other than the presence of the tenant's personal property that the tenant is occupying the premises.

*Id*. § 78B-6-815.

¶14    The trial court determined that abandonment had occurred because even if persons affiliated with KOA knew where she was, Rand "did not notify [them] that she would be absent, neither indicating her long term plans nor when to expect her return, and she failed to pay rent within 45 days after the due date."

---

3. The applicable statutory provisions have not been substantively amended, and we therefore cite the current version of the Utah Code for the reader's convenience.

¶15 Rand challenges the findings underlying the trial court's abandonment decision, arguing that her rent was prepaid at the time her mobile home was moved and that she was in communication with KOA during her care center stay. We see no error in the trial court's findings. Although Rand argues that the rent payment in May was to pay for her home until June 15, we cannot say that the trial court, in analyzing KOA's ledger, clearly erred in finding that this late payment applied to the prior month for which payment had not been made. The trial court also determined that Rand's last payment, which was in an amount less than a full month's rent, would only have extended the paid-for period by "a few days."

¶16 Additionally, Rand does not point to any evidence that would convince us that the trial court's determination that she had not paid rent for forty-five days before her home was moved is clearly erroneous. As to notification, the trial court acknowledged that although there was some communication between KOA and Rand while she was staying at the care center, this communication did not notify KOA as to what Rand's long term plans were and when she planned to return or pay her past due account. Rand points us to nothing in the record to the contrary. Therefore, there is no clear error in the trial court's determination on this issue.[4]

---

4. Rand also appeals the trial court's dismissals of her negligent interference with personal property and trespass to chattels claims. However, she does not address the reasoning of the trial court on these matters, that is, that negligent interference with personal property is not a recognized cause of action in Utah and that trespass to chattels requires some sort of property damage. We therefore do not consider her arguments on these claims. *See Duchesne Land, LC v. Division of Consumer Prot.*, 2011 UT App 153, ¶ 8, 257 P.3d 441 (concluding that no error was demonstrated because the appellant failed to address the rationale of the trial court). Furthermore, because we do not disturb the trial court's decision on the first four counts, there is no need to address Rand's argument regarding punitive damages.

¶17 Affirmed.[5]

_____

5. Rand makes several other claims of error that we need not reach because they would have had no impact on the trial court's decision. *See* Utah R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). For example, Rand argues that a letter included by the defense was incomplete. However, Rand submitted a copy of the letter in its entirety and the trial court had the entire letter before it when making its determination. Also, any errors in the trial transcript would not have impacted the trial court's decision, as it heard the testimony firsthand and did not rely on the transcript for its decision.

Rand also makes assertions that certain representations made at trial were untrue. She provides no evidence other than her own contrary opinion to contest those representations. Thus, we do not consider these arguments on appeal. *See Lunt v. Lance*, 2008 UT App 192, ¶ 19, 186 P.3d 978 ("[W]e may not substitute our judgment for that of the trial court as trial courts are in a better position to weigh conflicting evidence and evaluate the credibility of witness testimony." (citing Utah R. Civ. P. 52(a))). Likewise, we do not address claims and issues argued on appeal that were not raised before the trial court. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 ("[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." (alterations in original) (citation and internal quotation marks omitted)). These include Rand's arguments regarding intentional infliction of emotional distress and her suggestion that KOA had a duty to call an ambulance after her fall.