2011 UT App 153

**DUCHESNE LAND, LC; Highland Development, Inc.; Joan A. Steed; and Frank J. Steed, Petitioners and Appellants,**

v.

**DIVISION OF CONSUMER PROTECTION, Respondent and Appellee.**

No. 20100177–CA.

Court of Appeals of Utah.

May 12, 2011.

Petition of Writ of Certiorari Denied Aug. 17, 2011.

---

Mary Anne Q. Wood and Kathryn Ogden Balmforth, Salt Lake City, for Appellants.

Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and ROTH.

## MEMORANDUM DECISION

ROTH, Judge:

¶ 1 Duchesne Land, LC (Duchesne), Highland Development, Inc. (Highland), Joan A. Steed, and Frank J. Steed (collectively, Appellants) appeal the district court's denial of their petition for extraordinary relief. Because Appellants have not persuaded us that the district court's decision was erroneous, we affirm.

¶ 2 Since 2001, Duchesne has been selling recreational lots. Each lot comes with an option for Highland to construct a cabin at an additional cost. Joan Steed is the sole member of Duchesne, and Frank Steed is the sole member of Highland.

¶ 3 In 2006, Duchesne presold 140 lots in anticipation of receiving subdivision approval. "Consistent with its longstanding practice," Duchesne informed the purchasers individually and in the language of the contract that the lots they were buying were awaiting final plat approval and that no final conveyance or construction could occur until such approval was granted. When the lots were denied approval, Duchesne offered those purchasers a choice of waiting further for final approval, receiving a cash refund, or swapping the unapproved lot for one in an approved phase. Most of the presale buyers chose to exchange lots or wait for final approval. Those who opted to swap lots were quickly accommodated, but three purchasers demanded refunds that were not forthcoming. Five of the purchasers, including the three who sought refunds, also complained that they were never informed that their lots had not received final plat approval.

¶ 4 On July 30, 2009, the Division of Consumer Protection (the Division) filed against Appellants 140 counts of violating the Utah Consumer Sales Protection Act (the Act), which makes it a deceptive act for a supplier to "knowingly or intentionally ... indicate[ ] that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses or benefits, if it has not." Utah Code Ann. § 13–11–4(2)(a) (Supp.2010).[1] Five of these 140 counts represent the five purchasers who complained they were unaware of the status of their lots. The remaining 135 represent the rest of the unapproved lot "pre-sales" that Duchesne made. The Division also filed against Appellants three counts of "failure to give timely refunds, in violation of the Utah Admin. Code R152–11–10[ (C) ]" (the Administrative Rule), see Utah Admin. Code R152–11–10(C) (making it "a deceptive act or practice" for "a supplier [in a consumer transaction] who ... has received from the consumer within a reasonable time a valid request for refund of [a] deposit to fail to make the refund within 30 calendar days").

¶ 5 On December 9, 2009, Appellants filed in the district court a petition for extraordinary relief pursuant to rule 65B of the Utah Rules of Civil Procedure. As a basis for the relief they sought, Appellants asserted that the Division lacked jurisdiction to bring the 140 counts under the Act because "real estate transactions and home construction" are not within the scope of the Act. See generally Utah R. Civ. P. 65B(d)(2) (authorizing a district court to grant relief where an "administrative agency ... has exceeded its jurisdiction or abused its discretion"). In addition, Appellants argued that the Administrative Rule's overly broad definition of "deposit" imposes consequences beyond those envisioned by the Act and therefore "exceeds the Division's statutory authority and ... its jurisdiction." See generally id.

---

1. The provisions of Utah Code section 13–11–4 that are relevant to this appeal are unchanged from the provisions in effect when the charges were filed. See Utah Code Ann. § 13–11–4 amend. notes (Supp. 2010). We therefore cite to the current version of the statute as a convenience to the reader.

¶ 6 By the time the district court denied the petition for extraordinary writ on January 26, 2010, the presiding officer [2] had determined that the Division had jurisdiction over the matter. In addition, she had orally dismissed 135 of the 140 counts filed under the Act—the counts based on presales but for which no complaints had been lodged with the Division. The presiding officer, however, had not yet ruled on the remaining five counts under the Act or the three counts under the Administrative Rule. In denying the petition, the district court concluded that the Division has "jurisdiction to enforce and adjudicate issues arising from the ... Act" and, by implication, that the Division had jurisdiction to interpret the Act to determine the scope of its own jurisdiction. The court ultimately concluded "that while the correctness of the [presiding officer's] ruling regarding real estate transactions [falling within the Act] may properly be the subject of an appeal, an erroneous ruling does not strip the [Division] of jurisdiction." Regarding the Administrative Rule, the district court reasoned that "[i]f the agency has interpreted its statutory authority, and hence its rulemaking authority, wrongly, the error does not deprive the agency of jurisdiction," and reiterated again that the appropriate remedy is a direct appeal from the final agency decision. Appellants filed a timely appeal of the district court's decision denying their petition for extraordinary relief.

¶ 7 In the meantime, the agency proceeding moved forward. The presiding officer issued her Findings of Fact, Conclusions of Law, and Recommended Order,[3] in which she memorialized her oral ruling regarding the 135 counts and entered her ruling on the five remaining counts filed under the Act and the three counts of violating the Administrative Rule. In her recommended order, the presiding officer dismissed all counts against

Highland because the Division had not made any claims regarding the construction packages. She also dismissed the remaining five counts brought under the Act, explaining that the Division failed to meet its burden of establishing that any deceptive acts had occurred. She concluded, however, that Duchesne, Joan Steed, and Frank Steed had violated the Administrative Rule when they knowingly and intentionally failed to make refunds to the three buyers who requested them.[4] *See generally* Utah Admin. Code R152–11–10(C) (requiring refunds be made within thirty days of a timely consumer request). The presiding officer recommended to the Division that Duchesne and the Steeds be ordered to pay a $7500 administrative fine. The Division later adopted the presiding officer's findings and conclusions and imposed the fine. Appellants have filed a petition for judicial review of the agency's final decision in the district court, which remains pending.

¶ 8 On appeal from the district court's denial of the extraordinary writ, Appellants seek a ruling that the Act does not apply to real estate transactions and home construction and that the Division exceeded its jurisdiction in promulgating and thereafter enforcing the Administrative Rule. The basis for the court's denial of the petition, however, was that the Division had jurisdiction to determine the scope of its own jurisdiction and that any errors in the Division's interpretation of the Act or the Administrative Rule could be adequately addressed by an appeal of the final agency action. Specifically, the district court determined that

> while the correctness of the ruling regarding real estate transactions may properly be the subject of an appeal, an erroneous ruling does not strip the [Division] of juris-

---

2. The presiding officer conducted the hearings on the counts filed by the Division, entered findings of fact and conclusions of law regarding whether the counts have been properly substantiated, and made recommendations on any resulting penalties to the Division.

3. The Findings of Fact, Conclusions of Law, and Recommended Order was not part of the district court record but was included as an addendum to each party's brief.

4. Frank Steed is the sole member of Highland and has no ownership or management role in Duchesne, the entity that sold the lots and promised the refunds. The presiding officer, however, found the assets of Duchesne and Highland to be commingled and the assets from which refunds could be made in an account held solely in Frank Steed's name. Thus, she also held Frank Steed responsible for the violation of the Administrative Rule.

diction. Therefore, the [Division] has not exceeded its jurisdiction, and the [Appellants] have an adequate remedy in an appeal, should they not prevail in the administrative action.

[Appellants] also claim that the [Administrative R]ule ... is outside the agency's statutory authority, and enforcement of the rule exceeds the scope of the agency's jurisdiction. Again, however, the [Appellants'] remedy is an appeal. If the agency has interpreted its statutory authority, and hence its rule-making authority, wrongly, the error does not deprive the agency of jurisdiction.

Thus, the district court's ruling did not depend on a substantive analysis of whether the Act applied to real estate transactions or to construction contracts. It also did not specifically address whether the Division exceeded its statutory authority by enforcing the Administrative Rule. Because Appellants have not addressed the actual basis for the district court's ruling, they have failed to persuade us that the district court's ruling constituted error or that an appeal was not an adequate remedy. *See Allen v. Friel,* 2008 UT 56, ¶ 4, 194 P.3d 903 (identifying the obligation to challenge the basis of the trial court's decision and to demonstrate error in that decision as the appellant's responsibility).

¶ 9 Indeed, the parties are currently participating in the appeal process that the district court found to be an adequate remedy; they have filed a petition for judicial review of the agency proceeding in the district court, which is pending. In the event the Appellants bring the jurisdictional question before this court again once the direct appeal proceeding is concluded, we suggest that, as part of their subsequent briefing, they consider the following. First, the Division dismissed the 140 counts of violating the Act against all Appellants and the counts of violating the Administrative Rule against Highland. None of these dismissals appear to be the subject of an ongoing appeal. This raises the question of whether Appellants' claim that the Division lacked jurisdiction under the Act, as well as any issues pertaining to Highland, are moot. *See State v. Lane,* 2009

UT 35, ¶ 15, 212 P.3d 529 (explaining that a "[t]hreshold question[ ] in any case on appeal [is] whether there is an actual controversy," which requires an appellate court to consider mootness); *Ellis v. Swensen,* 2000 UT 101, ¶ 25, 16 P.3d 1233 ("A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." (internal quotation marks omitted)). In the event that the parties file an appeal from the district court's review of the agency proceeding, they should either limit their claims to issues that they agree are still ripe or explain to this court why the claims are not moot. *See also* Utah R.App. P. 37(a) (requiring the parties to inform the court when an issue becomes moot and delineating the procedures for doing so).

¶ 10 Further, should another appeal in this court ensue, it would be helpful if Appellants would provide citations to the legal authority upon which they rely for their claim that the Division lacks jurisdiction over real estate transactions and analyze how that authority applies to the facts of this case. For example, in support of their claim that the Division lacks jurisdiction over real estate transactions, Appellants note in their opening brief that the comments to the model Consumer Sales Practices Act (which have not been adopted by Utah as part of its version of the Act) state that the model act is not meant to cover areas such as real estate transactions that are usually the subject of other regulation. And Appellants argue that Utah's version therefore does not apply to land transactions because they are extensively regulated by more specialized legislation, application of which essentially "trumps" the application of the Act. Appellants, however, neither identify nor analyze any specific real property-related statute that they claim has the kind of effect that warrants this conclusion. Instead, they simply state that Utah has an "enormous body of property and contract case law" and refer to "five pages of statutes listed under the heading 'Real Property'" in the "Index to the Utah Code." Appellants then attempt to "incorporate by reference" the specific statutes mentioned by the presiding officer at the administrative hearing. Yet Appellants provide no record or statutory citations for those statements.

Including specific citations to the record and the legal authority relied upon and analyzing how that authority applies to this case is beneficial to the parties, as doing so provides this court with the necessary tools for efficiently and effectively analyzing their claims. Indeed, failure to do so may be grounds for dismissing an appeal without consideration of the merits. *See West Jordan City v. Goodman,* 2006 UT 27, ¶ 29, 135 P.3d 874.

¶ 11 Affirmed.

¶ 12 I CONCUR: GREGORY K. ORME, Judge.

¶ 13 I CONCUR IN THE RESULT: JAMES Z. DAVIS, Presiding Judge.