2013 UT App 241

# THE UTAH COURT OF APPEALS

DEVIN J. CARD,
Plaintiff and Appellant,
*v.*
ARIA R. CARD,
Defendant and Appellee.

Per Curiam Decision
No. 20120837-CA
Filed October 10, 2013

Third District, Salt Lake Department
The Honorable L.A. Dever
No. 120904019

Devin J. Card, Appellant Pro Se

Before JUDGES GREGORY K. ORME, STEPHEN L. ROTH, and
MICHELE M. CHRISTIANSEN.

PER CURIAM:

¶1     Devin J. Card appeals the trial court's order denying his motion to vacate the dismissal of his complaint. We affirm.

¶2     The trial court dismissed Card's complaint in an order entered on August 29, 2012. On September 5, 2012, Card filed a motion to vacate the dismissal pursuant to rule 60(b) of the Utah Rules of Civil Procedure, along with a memorandum in support of the motion. On September 14, Card filed a supplemental memorandum in support of the motion and a notice to submit. The trial court denied the motion to vacate in an order dated September 19, 2012.

¶3     On September 27, 2012, Card filed a notice of appeal from the denial of his motion to vacate. The notice specified that the

order appealed was the final order of the trial court entered on September 19, 2012, and further stated that the appeal was taken from the part of "the judgment that states that 'any issue of alleged failure of notice is the burden of Plaintiff.'" Orders denying relief under rule 60(b) are separate final orders from which appeals may be taken. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 970 (Utah Ct. App. 1989). This notice of appeal was timely filed following the entry of the order denying Card's motion to vacate. *See* Utah R. App. P. 4(a). Accordingly, the notice of appeal properly invoked this court's jurisdiction to review the denial of the motion to vacate the dismissal.

¶4     The sole issue raised in Card's brief that relates to the order denying the motion to vacate is his claim that the trial court abused its discretion in striking his supplemental memorandum. The trial court noted that it struck the memorandum because it did not comply with rule 7(c)(1) of the Utah Rules of Civil Procedure. Card does not address the court's reason for striking the memorandum and, as a result, has not demonstrated that the trial court erred. *See Duchesne Land, LC v. Division of Consumer Prot.*, 2011 UT App 153, ¶ 8, 257 P.3d 441 (mem.) (concluding that no error was demonstrated because the appellant failed to address the rationale of the trial court).

¶5     The rest of the issues raised in Card's brief challenge the August 29 order dismissing the complaint. However, issues regarding the dismissal order are beyond the scope of this appeal, and this court lacks jurisdiction to consider them. An appeal may be taken from final judgments or orders "by filing a notice of appeal with the clerk of the trial court within the time allowed by rule 4." Utah R. App. P. 3(a). The notice of appeal "shall designate the judgment or order, or part thereof," from which the appeal is taken. *Id.* R. 3(d). "This requirement is jurisdictional because the object of a notice of appeal is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case." *In re B.B.*, 2002 UT App 82, ¶ 9, 45 P.3d 527. In this case, the

notice of appeal identified the order denying Card's motion to vacate the dismissal as the subject of the appeal.

¶6     Orders denying motions under rule 60(b) are separate appealable orders, and the scope of review is limited to considering whether the denial of relief was appropriate. *See Fisher v. Bybee*, 2004 UT 92, ¶ 10, 104 P.3d 1198. The review does not encompass the merits of the underlying judgment or order. *See id.* Accordingly, the notice of appeal filed on September 27 does not confer jurisdiction on this court to review the August order dismissing the complaint.

¶7     Furthermore, the amended notice of appeal filed on October 18, 2012, had no effect. In that notice, Card "amended" his initial notice of appeal to change the order appealed to the August 29 order and to change the scope of the appeal to "the entire judgment." However, because the final order dismissing the complaint and the final order denying rule 60(b) relief are separate, final, and appealable orders, the orders require separate notices of appeal. The purported amendment to the notice of appeal from one order therefore was insufficient to independently invoke jurisdiction to appeal from a separate final order. In addition, even if the October amended notice were treated as a new notice, the appeal from the August 29 order would be untimely, and thus would not confer jurisdiction. *See Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616 (holding that if an appeal is not timely filed, this court does not have jurisdiction over the appeal).

¶8     In sum, the challenge to the August 29 order dismissing Card's complaint is not within the scope of this appeal. Card has shown no error in the trial court's order denying his motion to vacate the dismissal under rule 60(b).

¶9     Affirmed.

————————