**2017 UT App 168**

# THE UTAH COURT OF APPEALS

SCOTT LOGAN GOLLAHER,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Opinion
No. 20150363-CA
Filed September 8, 2017

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 140901901

Edwin S. Wall, Attorney for Appellant

Sean D. Reyes, Laura B. Dupaix, and Mark C. Field,
Attorneys for Appellee

John W. Huber, Jeannette F. Swent, and John S.
Koppel, Attorneys for Amicus Curiae United States
of America

JUDGE JILL M. POHLMAN authored this Opinion, in which JUDGES
STEPHEN L. ROTH and DAVID N. MORTENSEN concurred.[1]

POHLMAN, Judge:

¶1     Scott Logan Gollaher appeals the district court's denial of
his petition for extraordinary relief. Because Gollaher has not
addressed the basis for the district court's ruling that other plain,
speedy, and adequate remedies are available to him, we affirm.

---

1. Judge Stephen L. Roth participated in this case as a member of
the Utah Court of Appeals. He retired from the court before this
decision issued.

BACKGROUND

¶2     The State filed criminal charges against Gollaher for sodomy on a child and sexual exploitation of a minor. The State's evidence includes images purportedly showing Gollaher performing oral sodomy on the alleged child victim (Child). The images show Gollaher's face but do not show the face of the other individual. Both parties agree that the images are pornographic and may constitute child pornography.

¶3     In his defense, Gollaher planned to call Child as a witness and to show her the images at his preliminary hearing. Gollaher believed that when shown the images, Child would provide exculpatory evidence by testifying that she is not the other individual depicted. Gollaher's plan, however, was frustrated by the fact that his defense counsel feared he could not show the images to Child without risking criminal and civil liability under state and federal law. According to Gollaher, federal and state authorities both declined to grant immunity to his counsel.

¶4     Before his preliminary hearing was complete, Gollaher filed two pertinent motions directed to the magistrate judge presiding over that stage of the criminal proceeding. Gollaher premised the first motion on his assertion that a "plenarius conflict of interest," i.e., a complete and total conflict of interest for any attorney, existed because no defense counsel could legally show Child the images at the preliminary hearing or otherwise obtain the exculpatory testimony. Gollaher asserted that he was thereby denied due process of law and effective assistance of counsel under the federal and state constitutions. He therefore requested that the magistrate dismiss the case based on the conflict or, alternatively, rule that the state and federal criminal and civil statutes regarding child pornography are unconstitutional as applied to his case, "in so far as they preclude defense counsel from calling child-witnesses, and using, showing and possessing child pornography in court proceedings."

¶5 Gollaher's second motion related to subpoenas he had issued to three federal agents involved in the criminal investigation against him, seeking copies of their reports, notes, and recordings. In response to Gollaher's subpoenas, the United States Department of Justice (the DOJ) authorized the three federal agents to provide limited testimony in the criminal case, informed Gollaher that two of the agents did not have documents responsive to the subpoenas, and stated that federal regulations prohibited the other agent from disclosing any documents. Gollaher requested a court order that would exclude further testimony from the federal agents and strike any testimony they had already provided. He also asked the magistrate to order the federal agents to show cause why they should not be held in contempt for failing to fully comply with the subpoenas.

¶6 The magistrate denied both motions "without prejudice for lack of jurisdiction." In addition, at Gollaher's behest, the magistrate stayed the criminal proceedings pending resolution of Gollaher's planned petition for extraordinary relief in state court and any proceedings in federal court under the federal Administrative Procedure Act.

¶7 Gollaher subsequently filed this case in the district court, seeking extraordinary relief pursuant to rule 65B of the Utah Rules of Civil Procedure. Gollaher's petition sought to challenge the magistrate's interlocutory rulings denying his two motions. In support of his petition, Gollaher asserted that he had "no other plain, speedy or adequate remedies available to address [these two] issues . . . before the magistrate judge." According to Gollaher, he had "no redress to the district court from an order of the magistrate prior to the conclusion of the preliminary hearing"; he was "without a remedy . . . as he [was] not entitled to an interlocutory appeal of the magistrate's orders"; and he "require[d] immediate redress, as [his two] issue[s] pertain directly to his due process rights at and during the preliminary hearing." Thus, he urged the district court to grant his petition by "dismiss[ing] the [criminal] case on grounds of there being a

*plenarius* conflict of interest," and by "enter[ing] an order striking the testimony of the federal agents and precluding them from further submission of testimony and evidence."

¶8    The district court denied Gollaher's petition for extraordinary relief. It reasoned that extraordinary relief could be obtained only if the person has no other plain, speedy, and adequate remedy. But the district court determined that plain, speedy, and adequate relief relating to the magistrate's denial of his two motions was available to Gollaher. Specifically, the district court explained that in the event Gollaher's case is bound over to the district court following a preliminary hearing, his remedy would be to file a motion to quash the bindover. If the magistrate were to deny the motion to quash, Gollaher could then file an interlocutory appeal. The district court concluded that "the relief provided by [this] course of action is plain, speedy, and adequate." Additionally, the district court concluded that Gollaher's claims were not ripe. Given the possibility that the magistrate might not bind the case over, the district court determined that Gollaher's alleged harm was "merely hypothetical" as it had not yet occurred.

¶9    With respect to the magistrate's denial of Gollaher's second motion, the district court added that under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), as a state district court, it "[did] not have jurisdiction to compel the testimony of federal employees or to compel the production of documents from federal employees when they have not been authorized to do so by the Department of Justice pursuant to its . . . regulations." The district court explained that although the DOJ had authorized the three federal agents to provide limited testimony in Gollaher's criminal case, it refused to expand the scope of its authorization, informed Gollaher that two of the agents did not have documents responsive to his subpoenas, and stated that federal regulations prohibited the other agent from disclosing any documents. The district court concluded that because the federal agents had acted in accordance with DOJ regulations, it lacked the authority to enforce Gollaher's subpoenas. The

district court further concluded that if Gollaher was dissatisfied with the DOJ's response, his only remedy is to challenge the DOJ's actions in federal court pursuant to the federal Administrative Procedure Act. Gollaher now appeals the district court's denial of his petition for extraordinary relief.

ANALYSIS

¶10　On appeal, Gollaher raises two arguments, both resembling the arguments made in the pertinent motions before the magistrate judge in the criminal proceeding. First, Gollaher contends that because no attorney can legally pursue his defense by calling Child as a witness and showing her the pornographic images, "a Plenarius Conflict of Interest exists depriving [him] of the right to effective assistance of counsel and the [criminal] case must be dismissed." Second, he contends that the federal agents have "ignored" his subpoenas "without justification" and that they have no right to do so given that his case was a criminal prosecution in state court. He therefore requests an order compelling the federal agents to testify and to produce their records, notes, and recordings.[2]

¶11　Under rule 65B of the Utah Rules of Civil Procedure, a person may petition the court for extraordinary relief "[w]here no other plain, speedy and adequate remedy is available" at law. Utah R. Civ. P. 65B(a). Thus, to obtain extraordinary relief, a petitioner must demonstrate that "the ordinary judicial process [does] not provide him with a plain, speedy, and adequate remedy to challenge" the disputed court order. *Gilbert v. Maughan*, 2016 UT 31, ¶ 21, 379 P.3d 1263.

---

2. Gollaher does not challenge on appeal the district court's decision as it relates to his request to strike or to exclude the testimony of the federal agents.

¶12    Here, the district court denied Gollaher extraordinary relief on the ground that he had not shown he lacked other avenues of legal redress with regard to the magistrate's denial of his two motions. Given the district court's reasoning, before we can reach the substantive issues underlying Gollaher's motions before the magistrate, Gollaher's first obligation on appeal is to show error in the district court's conclusion that he has plain, speedy, and adequate remedies to contest the magistrate's decisions.

¶13    To carry his burden of persuasion on appeal, an appellant must address "the actual basis for the district court's ruling." *Duchesne Land, LC v. Division of Consumer Prot.*, 2011 UT App 153, ¶¶ 1, 8, 257 P.3d 441 (affirming the denial of a petition for extraordinary relief); *accord Gines v. Edwards*, 2017 UT App 47, ¶ 31, 397 P.3d 612 (denying relief on appeal because the appellant failed to "engage with the bases" for the challenged determinations). Further, an appellant "must do so in [his] opening brief." *See Utah Physicians for a Healthy Env't v. Executive Dir. of the Utah Dep't of Envtl. Quality*, 2016 UT 49, ¶¶ 17–18, 391 P.3d 148; *see also Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 ("It is well settled that issues raised by an appellant in the reply brief that were not presented in the opening brief are . . . waived and will not be considered by the appellate court." (citation and internal quotation marks omitted)). "If an appellant fails to allege specific errors of the lower court, the appellate court will not seek out errors in the lower court's decision." *Allen*, 2008 UT 56, ¶ 7.

¶14    The district court's rationale for denying Gollaher's petition challenging the magistrate's denial of his first motion—based on counsel's alleged "plenarius conflict"—was that Gollaher has available avenues for relief that he could pursue after the magistrate decides whether to bind him over for trial. The district court determined that if Gollaher's criminal "case is bound over following the preliminary hearing, [Gollaher's] remedy is to file a motion to quash the bindover" and, in the event that motion is denied, to file an interlocutory appeal.

Moreover, the district court determined that Gollaher's harm was "merely hypothetical" and was not yet ripe. *See Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Lindberg*, 2010 UT 51, ¶ 40, 238 P.3d 1054 ("A dispute is ripe when a conflict over the application of a legal provision has sharpened into *an actual or imminent clash of legal rights* and obligations between the parties thereto." (citation and internal quotation marks omitted)). Indeed, Gollaher's counsel had not yet manifested any decision whether or not to cross-examine Child using the subject images and the magistrate had not yet been required to rule on the merits of the bindover. Thus, the outcome of either decision process remained a matter of speculation.

¶15    Gollaher's first contention on appeal fails to engage with the district court's analysis. He argues in his opening brief that "no defense attorney can present [his] valid defense without subjecting themselves to criminal and civil liability"; that this court "should find the federal and state laws preclude [him] from effective assistance of any counsel"; and that his criminal "case should be dismissed on Due Process grounds." These arguments, however, are directed to the merits of the magistrate's denial of his first motion rather than to the district court's rationale for denying extraordinary relief. Moreover, Gollaher makes no effort in his opening brief to demonstrate why the district court's proposed course of action—moving to quash a bindover and filing an interlocutory appeal, if necessary—would not afford him a plain, speedy, and adequate remedy. Only in his reply brief does Gollaher briefly acknowledge the basis for the district court's decision. But this belated and passing attempt to address the basis for the district court's ruling does not rescue his appeal. *See Utah Physicians for a Healthy Env't*, 2016 UT 49, ¶¶ 17–18. Because of these briefing deficiencies, Gollaher has not shown error in the district court's denial of his petition as it relates to the first motion.

¶16    The district court employed the same rationale for denying Gollaher's petition with respect to the magistrate's

denial of his second motion in connection with the request for an order to strike and exclude the federal agents' testimony. The district court concluded that in the event he is bound over, Gollaher could challenge the magistrate's denial of that request by moving to quash the bindover. *Supra* ¶ 14. As for the denial of the motion's additional request to compel the federal agents to produce documents despite a lack of authorization from the DOJ, the district court determined that Gollaher could challenge the DOJ's authorization decision in federal court. Citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951),[3] and *Edwards v. United States Department of Justice*, 43 F.3d 312 (7th Cir. 1994),[4] the district court concluded that it lacked jurisdiction to compel federal agents to testify or produce documents when they have not been authorized to do so by the DOJ, and that if Gollaher disagreed with the DOJ's decision, "the only remedy he has is to challenge [the DOJ's decision] in federal court under the

---

3. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), embodies a common law doctrine that "the state is without jurisdiction to independently compel the testimony or production of documents when it is contrary to a valid agency regulation." *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (explaining *Touhy*). "*Touhy* is part of an unbroken chain of authority that supports the . . . contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations." *Id.* at 317.

4. In *Edwards*, the United States Court of Appeals for the Seventh Circuit explained that a federal agency's response to a subpoena is subject to "three procedural limitations": "the action to be reviewed has to be an [Administrative Procedure Act] claim directed at the agency, the United States, or the employee thereof"; "the review action must be in federal court"; and "the government must not have waived its sovereign immunity." *Id.* at 316.

Administrative Procedures Act."[5] In other words, the district court concluded that Gollaher's plain, speedy, and adequate remedy related to his second motion's request to compel the production of documents lies in federal court.

¶17    Gollaher's second contention on appeal, which he limits to the denial of his request to compel the federal agents to produce documents, suffers from the same shortcomings as his first. *Supra* ¶ 10 n.2. Instead of showing that he could not have challenged the DOJ's authorization decision in federal court, Gollaher argues that because his case is a state criminal prosecution, the DOJ could not withhold material from him under state or federal law. This argument attacks the merits of the DOJ's decision blocking Gollaher's access to the federal agents' testimony and documents. But it fails to grapple with the district court's rationale for concluding that Gollaher has an available plain, speedy, and adequate remedy under the Administrative Procedure Act. *See Duchesne Land, LC v. Division of Consumer Prot.*, 2011 UT App 153, ¶ 8, 257 P.3d 441 (rejecting an argument where an appellant failed to address "the actual basis for the district court's ruling"). Gollaher therefore has not shown error in the district court's refusal to grant extraordinary relief related to his second contention.

¶18    In short, Gollaher has not carried his burden of persuasion on appeal. He has made no attempt in his opening brief to show that "the ordinary judicial process [does] not provide him with . . . plain, speedy, and adequate remed[ies] to challenge" the magistrate's denial of his two motions, and he has not addressed the actual basis for the district court's decision to deny extraordinary relief. *See Gilbert v. Maughan*, 2016 UT 31, ¶ 21, 379 P.3d 1263.

---

5. Gollaher concedes that he "has not challenge[d] the Department of Justice decision under the Administrative Procedures Act."

CONCLUSION

¶19 For the foregoing reasons, we affirm the denial of Gollaher's petition for extraordinary relief, while expressing no opinion on the merits of the district court's decision or on the substantive issues before the magistrate judge.[6]

---

6. We note that our decision today does not prevent Gollaher from raising his substantive issues before the proper tribunal at the appropriate time should his case proceed.