**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STATE OF UTAH,

    Plaintiff,

v.

SCOTT L. GOLLAHER,

    Defendant - Appellant.

------------------------------

UNITED STATES OF AMERICA; JEFF
ROSS; RANDY KIM; ERIC
ZIMMERMAN, Federal Bureau of
Investigation Special Agents,

    Interested Parties - Appellees.

No. 19-4030
(D.C. No. 2:18-CV-00309-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Scott Gollaher is a criminal defendant in Utah state court. After he

subpoenaed three FBI special agents (the Agents) to produce documents and testify at

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

his preliminary hearing, the United States removed the matter to federal district court under 28 U.S.C. § 1442(a)(1). A magistrate judge denied Gollaher's motion for appointment of counsel in the federal proceeding. Then, on motion by the United States, the district court dismissed the proceeding, holding that it lacked jurisdiction to enforce the subpoenas for two independent reasons. On appeal a motions panel of this court denied Gollaher's motion for appointment of counsel under the Criminal Justice Act (the CJA).

Our jurisdiction arises under 28 U.S.C. § 1291. We affirm the district court's dismissal order because Gollaher fails to challenge on appeal one of the court's independent bases for holding that it lacked jurisdiction to enforce the subpoenas. We further hold that Gollaher cannot appeal the denial of his district-court motion for appointed counsel because he failed to object to the magistrate judge's order denying his motion. Finally, because Gollaher does not address the applicability of the CJA in this appeal, we decline to reexamine the previous panel's denial of his motion for appointment of counsel under that statute.

## I. Background

Gollaher issued subpoenas to the Agents commanding them to produce documents and testify at the preliminary hearing in his state-court criminal case. Relying on 5 U.S.C. § 301, 28 C.F.R. §§ 16.21 *et seq.*, and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the United States Department of Justice (DOJ) limited the Agents' testimony and document production. Section 301 authorizes federal agencies to "prescribe regulations for . . . the custody, use, and preservation

2

of its records, papers, and property." 5 U.S.C. § 301. As relevant here, a DOJ regulation provides:

> In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official . . . .

28 C.F.R. § 16.22(a). In *Touhy* the Supreme Court upheld the validity of a similar regulation restricting a subordinate federal employee's disclosure of information in response to a subpoena without the Attorney General's approval. *See* 340 U.S. at 467 ("[T]he Attorney General can validly withdraw from his subordinates the power to release department papers.").

Gollaher moved for an order to show cause why the Agents should not be held in contempt for failing to comply fully with the subpoenas. Concluding that it lacked jurisdiction to enforce the subpoenas, the state criminal court denied Gollaher's motion. It then stayed his criminal case while Gollaher filed a civil petition for extraordinary relief to challenge the denial of his motion to enforce the subpoenas. *See Gollaher v. State*, 405 P.3d 831, 833 (Utah Ct. App. 2017). The state civil court denied Gollaher's petition because "plain, speedy, and adequate relief" was otherwise available to him regarding the criminal court's denial of his motion. *Id.* It further held that "as a state district court, it did not have jurisdiction to compel the testimony of federal employees or to compel the production of documents from federal

3

employees when they have not been authorized to do so by the Department of Justice pursuant to its regulations." *Id.* (brackets, ellipsis, and internal quotation marks omitted). The Utah Court of Appeals affirmed, *see id.* at 836, and the Utah Supreme Court denied further review, *see Gollaher v. State*, 409 P.3d 1048 (Utah 2017).

Returning to the state criminal court, Gollaher issued new subpoenas to the Agents seeking the same testimony and production of documents, and he moved to compel compliance. The United States removed the new subpoena matter to federal district court under § 1442(a)(1), which permits the removal of:

> (a) A civil or criminal prosecution that is commenced in a State court and that is against or directed to . . .
>
>> (1) . . . any officer . . . of the United States . . . in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals . . . .

28 U.S.C. § 1442(a)(1). This authority extends to "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1). Gollaher moved the district court to appoint counsel to represent him in the federal proceeding. After a magistrate judge denied his motion, Gollaher did not file objections.

The United States moved to dismiss as frivolous Gollaher's removed motion to compel the Agents' compliance with the subpoenas. It argued that under the holding in *Touhy* a federal agent cannot be held in contempt for failing to comply with a

4

subpoena when the federal agency has not authorized disclosure of information in accordance with its applicable *Touhy* regulations. Relying on sovereign immunity and the Supremacy Clause, U.S. Const., art.VI, cl. 2, the United States further contended that the state court lacked jurisdiction to compel the Agents to comply with Gollaher's subpoenas beyond the disclosure authorized by the DOJ. Consequently, under the doctrine of derivative jurisdiction applicable to removal,[1] the United States argued that the federal district court also lacked jurisdiction to do so. The United States further argued that if Gollaher was aggrieved by the DOJ's decision to limit the Agents' testimony and preclude their production of documents, his sole remedy was to challenge that decision in a claim in federal court under the federal Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq.

In opposition Gollaher argued that the Sixth Amendment grants him the right to compulsory process in his state criminal case, including the right to obtain testimony and other evidence from federal agents. He further contended that the holding in *Touhy* does not apply in criminal cases. Gollaher argued that the state criminal court therefore had jurisdiction to enforce his subpoenas to the Agents.

In its reply the United States asserted that granting Gollaher's motion to compel would violate the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*,

---

[1] *See Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382 (1922) ("If the state court lacks jurisdiction of the subject matter . . . , the federal court [on removal] acquires none, although it might in a like suit originally brought there have had jurisdiction."). *But see* 28 U.S.C. § 1441(f) (abrogating *Lambert Run* for removal under § 1441).

263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983), because Gollaher was asking a federal district court to exceed its jurisdiction by reviewing the final state-court judgment in his petition for extraordinary relief.

The district court granted the United States motion to dismiss, agreeing that Gollaher's arguments in support of the new subpoenas were frivolous. It cited two independent bases for concluding that it lacked jurisdiction to compel the Agents' compliance with the subpoenas. First, the court held that under *Rooker-Feldman* it had no jurisdiction to review the Utah court's final judgment in Gollaher's petition for extraordinary relief. Second, the court "[s]eparately" held that "because the state court lacks jurisdiction to enforce the subpoenas against federal employees in this case, [the district] court inherits the same jurisdictional deficiency under the doctrine of derivative jurisdiction, and does not acquire authority to enforce these subpoenas upon removal under 28 U.S.C. § 1442." Aplt. App., Vol. IV at 295-96. The district court also noted that its decision did not bar Gollaher from challenging the constitutionality of the DOJ's disclosure decision in an action in federal court under the APA.

## II.    Discussion

### A.    District Court's Dismissal of Gollaher's Motion to Compel

We review de novo a district court's dismissal for lack of subject-matter jurisdiction. *See D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013) (reviewing de novo a dismissal for lack of jurisdiction under the *Rooker-Feldman* doctrine). On appeal Gollaher repeats his contention that the

6

state court had jurisdiction to enforce his subpoenas because (1) the holding in *Touhy* does not apply to criminal cases, and (2) his Sixth Amendment right to compulsory process in his state-court criminal case trumps the United States' reliance on *Touhy* regulations, sovereign immunity, and the Supremacy Clause**.**

But Gollaher has not challenged on appeal the district-court holding that it lacked jurisdiction to compel the Agents' compliance with the subpoenas because the *Rooker-Feldman* doctrine precludes its review of the state court's final judgment in Gollaher's petition for extraordinary relief. Neither of his briefs mentions *Rooker-Feldman.* "When a district court dismisses a claim on two or more independent grounds, the appellant must challenge each of those grounds." *Lebahn v. Nat'l Farmers Union Uniform Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016). Gollaher has failed to do so here. "In these circumstances, we must affirm." *Id.* (noting that appellant challenged the district court's ruling on one element of his claim but failed to address its ruling on another element).

## B. Denial of Gollaher's Motion to Appoint Counsel in the District Court[2]

Gollaher argues that as a criminal defendant he had a Sixth Amendment right to appointed counsel in a proceeding within his state-court prosecution that was

---

[2] Gollaher has been represented by his state-court counsel throughout the federal proceedings, both in the district court and on appeal in this court. The issue therefore is limited to whether Gollaher was entitled to have counsel appointed by the court.

separately removed to federal district court under § 1442. But he failed to preserve his right to appeal this issue.

In the federal proceeding all nondispositive pretrial matters were referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). When Gollaher moved the court to appoint counsel, a magistrate judge denied the motion. Gollaher did not thereafter file with the district judge any objections to the magistrate judge's order. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a magistrate judge's] order [on a nondispositive matter] within 14 days after being served with a copy."). This failure precludes our review. "A party may not assign as error a defect in [a magistrate judge's] order not timely objected to." *Id.* Rather, "appeals from magistrates' rulings must be to the district courts and . . . appellate courts are without power to hear appeals directly from orders of federal magistrates." *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986), *superseded by statute on other grounds as stated in DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377, 1383-84 (10th Cir. 1990). Consequently, this court lacks jurisdiction to review the magistrate judge's denial of Gollaher's motion to appoint counsel. *See id.* (because the appellant failed to object in the district court to a magistrate judge's order, this court was "without power to review that order on appeal").

C.    **Denial of Gollaher's Motion to Appoint Counsel on Appeal**

In this court Gollaher moved for the appointment of counsel under the CJA. He did not cite any specific provision of the CJA, 18 U.S.C. § 3006A, entitling him to appointed counsel. A motions panel denied Gollaher's motion.

8

In his opening brief Gollaher asserts error in the motions panel's decision. We can reconsider that order. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) ("Motions panel decisions are tentative and subject to reexamination by the merits panel."). But Gollaher does not explain how the motions panel erred in denying his request for appointment of counsel under the CJA. His brief nowhere mentions the CJA. We therefore decline to reexamine the previous panel's denial of his motion for appointment of counsel on appeal. To the extent that Gollaher seeks the appointment of counsel in this appeal on some basis other than the CJA, he must pursue that relief by motion. *See* Fed. R. App. P. 27(a) ("An application for an order or other relief is made by motion unless these rules prescribe another form."). Gollaher has not filed a new motion to appoint counsel, and we decline to liberally construe his counseled opening brief as such a motion.

## III.   Conclusion

The district court's judgment is affirmed. Gollaher's motion to proceed on appeal without prepayment of fees and costs is granted.

Entered for the Court

Harris L Hartz
Circuit Judge

9