402 January 8, 2025 No. 33

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. T.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. T.
and B. T.,
*Appellants.*

Douglas County Circuit Court
24JU01861; A184788 (Control), A184916

Ann Marie Simmons, Judge.

Argued and submitted December 13, 2024.

Erica Hayne Friedman argued the cause for appellant J. T. Also on the briefs was Youth, Rights & Justice.

Elena C. Stross, Deputy Public Defender, argued the cause for appellant B. T. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Jacquot, Judge, and Nakamoto, Senior Judge.

TOOKEY, P. J.

Reversed.

**TOOKEY, P. J.**

Father appeals from a judgment of the juvenile court taking jurisdiction of his 15-year-old son, J.[1] J also appeals. For the reasons that follow, we conclude that the evidence is legally insufficient to support the jurisdictional determination as to J; accordingly, we reverse.

It is undisputed that father has a history of alcohol abuse, which has caused him to express anger, and that he has had volatile relationships. In March 2024, the family came to the attention of DHS based on a report from father's estranged wife, Destiny, that father and Destiny had had a fight during which father screamed at Destiny, threw glass items, injured Destiny's face during a scuffle over a door, and held her down on a bed, at which point J yelled at father to stop. There was evidence that father and Destiny had previously quarreled several times, with screaming and doors slamming.

DHS filed a petition seeking dependency jurisdiction of J, alleging:

"A. The father has subjected his domestic partner to domestic violence, and the child has been exposed to that violence.

"B. The father has allowed the child to live in a home that is dirty and unsanitary and where marijuana is accessible to the child.

"C. The father has a pattern of alcohol abuse, volatility, and domestic violence, and the father is using alcohol and engaging in domestic violence, which presents a threat of harm to this child."

After a hearing, the juvenile court determined that DHS had proved the jurisdictional allegations that father had subjected his domestic partner to domestic violence to which J has been exposed, and that father has a pattern of alcohol abuse, volatility, and domestic violence, which presents a threat of harm to the child.

Father and J separately appeal but are aligned. Father's first three assignments of error challenge the

_____

[1] It is undisputed that mother is not a resource for the child and does not appear on appeal.

jurisdictional determination, arguing that the evidence does not support a finding of a cognizable risk of harm based on the alleged jurisdictional bases. Father also assigns error to the juvenile court's admission of the testimony and report of a psychologist, Dr. Morrell. In his separate appeal, J joins in father's assignments of error. DHS responds that the evidence at the hearing was sufficient to establish that, without DHS involvement, J is at risk of harm, both physically and emotionally.

No party has requested *de novo* review, nor does this appeal warrant it. ORS 19.415(3)(b); ORAP 5.40(8)(c). In reviewing a juvenile court's ruling asserting dependency jurisdiction, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 257 P3d 444 (2013). We are bound by the juvenile court's express and implied findings of fact if they are supported by any evidence in the record. *Dept. of Human Services v. T. N. M.*, 315 Or App 160, 162, 501 P3d 76 (2021).

Under ORS 419B.100(1)(c), jurisdiction is warranted "when a child's condition or circumstances endanger the welfare of the child," *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61, 308 P3d 307 (2013), that is, when the circumstances "give rise to a threat of serious loss or injury." *Dept. of Human Services v. A. F.*, 243 Or App 379, 386, 259 P3d 957 (2011). "The key inquiry in determining whether conditions or circumstances warrant jurisdiction is whether, under the totality of the circumstances, there is a reasonable likelihood of harm to the welfare of the child." *Dept. of Human Services v. C. M.*, 284 Or App 521, 526–27, 392 P3d 820 (2017) (internal quotation marks and citation omitted). To demonstrate that a child is at risk of serious loss or injury, DHS must establish the "type, degree, and duration" of the harm. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 123, 312 P3d 608 (2013). "When the risk is caused by a parent's behavior, DHS must establish a nexus between the parent's allegedly risk-causing conduct and the harm to the child." *Dept. of Human Services v. T. L. H. S.*,

292 Or App 708, 714, 425 P3d 775 (2018). The risk of harm posed by the parent's conduct must be "nonspeculative" and present at the time of the hearing. *Dept. of Human Services v. C. C.*, 310 Or App 389, 396, 486 P3d 5 (2021).

Father and J assert that there was no evidence of a risk of harm to J at the time of the hearing. They point out that the circumstances that caused DHS to be involved no longer exist. Destiny was no longer living in the home. Father was engaged in services. J remained with father and has refused to engage with DHS. They further challenge the admissibility of a report of and testimony by Morrell, a psychologist who performed an evaluation of father five years ago. Based on that evaluation and his assessment of the circumstances that gave rise to the current petition, Morrell opined that father has certain "static" conditions—conditions unlikely to change—including alcoholism, a personality disorder, and intellectual deficits, that will cause him to be volatile and that will make it difficult for him to parent J.

The state responds that Morrell's opinion is relevant to the current circumstances and admissible and demonstrates a risk of possible physical and emotional harm to J. We need not address the admissibility of Morrell's report and testimony. That is because we conclude that, although the evidence was sufficient to allow a finding that father's alcohol abuse and volatile behavior toward his domestic partners had exposed J to some harm in the past, it is not sufficient to show that the current circumstances pose a nonspeculative threat of serious loss or injury to J that was likely to occur. *See Dept. of Human Services v. T. B.-L.*, 320 Or App 434, 441, 514 P3d 131 (2022). We therefore reverse the jurisdictional judgment.

Reversed.