2026 UT App 62

## THE UTAH COURT OF APPEALS

St. George City,
Petitioner,

*v.*

Honorable Eric Gentry,
Respondent.

Per Curiam Opinion
No. 20260034-CA
Filed April 16, 2026

Original Proceeding in this Court

Kristopher D. Pearson, Attorney for Petitioner

Keisa L. Williams, Joseph A. Willard, Sonia Sweeney,
and Stacy R. Haacke, Attorneys for Respondent

Russell S. Pietryga, Attorney for Real Party in
Interest Joseph Kerry Caruso

Before Judges Gregory K. Orme, Ryan M. Harris,
and Amy J. Oliver.

PER CURIAM:

¶1     This matter is before the court on St. George City's (the City) petition for extraordinary relief. The City asks this court to set aside the district court's order dismissing a criminal case against Joseph Kerry Caruso and to instruct the district court to instead remand the matter to the justice court.

¶2     "To obtain extraordinary relief, [the City] must demonstrate that the ordinary judicial process does not provide [it] with a plain, speedy, and adequate remedy to challenge the disputed court order." *See Gollaher v. State*, 2017 UT App 168, ¶ 11, 405 P.3d 831 (cleaned up). Because a district court's order reviewing a decision made in justice court is generally not

appealable, *see* Utah Code § 78A-7-118(11), the City has established the lack of any other plain, speedy, and adequate remedy.

¶3    Decisions about whether to grant petitions for extraordinary relief are "left to the sound discretion of the court hearing the petition." *In re M.L.*, 2017 UT App 61, ¶ 11, 397 P.3d 681 (cleaned up). "When determining whether or not to grant the relief requested in the petition, the court will consider several factors, such as: (1) the egregiousness of the alleged error, (2) the significance of the legal issue presented by the petition, and (3) the severity of the consequences occasioned by the alleged error." *Id.* (cleaned up). In this case, the seriousness of the alleged error and the significance of the legal issue are factors that weigh in favor of granting extraordinary relief.

¶4    There are several circumstances where a criminal matter in justice court may be appealed to the district court. A defendant may obtain a trial de novo in the district court on the merits of a conviction by timely filing a notice of appeal following a sentence or plea in abeyance. *See* Utah Code § 78A-7-118(2). Additionally, a defendant may request a hearing de novo in the district court regarding other matters, including "an order revoking probation." *Id.* § 78A-7-118(5)(a). And a prosecuting entity may request a hearing de novo regarding various orders, including a final judgment of dismissal or an order terminating the prosecution. *See id.* § 78A-7-118(7)(a). Once the district court has entered a decision in a hearing de novo, it must "remand the case to the justice court unless . . . the decision results in immediate dismissal of the case" or "the hearing de novo was on a pretrial order and the parties and the district court agree to have the district court retain jurisdiction." *Id.* § 78A-7-118(9).

¶5    In this case, Caruso pled guilty in 2020 to two class B misdemeanors, and the justice court placed him on probation.

Later, in 2025, the justice court revoked his probation, and Caruso asked for a hearing de novo in district court regarding the justice court's probation revocation order. But rather than remanding the case after entering a decision on the matter that was the subject of the hearing de novo, the district court dismissed the entire case. As a result, Caruso's underlying convictions were set aside, and the case was closed. We agree with the City that the district court erred by dismissing the entire case rather than simply remanding the matter to the justice court following a ruling regarding Caruso's challenge to the probation revocation order.

¶6     Had Caruso wanted to seek dismissal of his charges, he would have needed to file a timely appeal to the district court following entry of his sentence in 2020. *See id.* § 78A-7-118(2). He did not do so. The appeal he filed in 2025 sought a hearing de novo regarding the justice court order revoking his probation. While some issues raised in a hearing de novo may result in the dismissal of a case—for example, the prosecution's appeal of a dismissal ruling or termination of prosecution—a ruling in Caruso's favor in this appeal to the district court could only undo the justice court's probation revocation order and could not result in dismissal of his underlying convictions. And while a district court is not required to remand a case to the justice court when its "decision results in immediate dismissal of the case," *id.* § 78A-7-118(9), the dismissal here was in error. Thus, the matter should have been remanded to the justice court. *See id.*

¶7     For the foregoing reasons, the district court's dismissal order is vacated, and the court is instructed to enter an order

regarding Caruso's challenge to the probation revocation order[1] and then remand the matter to the justice court.

_____

1. The record contains no reasoning from the district court explaining its decision to dismiss the case, and the court does not appear to have made any specific ruling regarding the probation revocation. We think it possible that the court may have intended to simply dismiss Caruso's appeal rather than the entire case. Regardless of the district court's intention, however, the effect of the order, in the context of a de novo proceeding, was dismissal of the entire case, and Caruso's convictions were erroneously set aside as a result. On remand from this court, the district court should clarify whether it intended to only set aside the justice court's probation revocation order and then remand the matter to the justice court.