## Tate, Appellant, *v.* Metropolitan Life Insurance Company.

Argued May 4, 1942.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY,
JJ.

*Albert Martin*, with him *Milton P. Shore*, for appel-
lant.

*Wallace E. Edgecombe*, with him *D. C. Jennings*, for
appellee.

**560**

OPINION BY HIRT, J., July 23, 1942:

Plaintiff's husband made a felonious assault upon her and, in the course of.the scuffle, he was killed by the discharge of a gun. She was the beneficiary under an industrial insurance policy on his life, issued by defendant. Following his death, though claiming double indemnity, she was paid only the face amount of the policy. This action was brought to recover additional benefits of like amount. Her right to recover depends not only upon evidence that the shooting was accidental but also on proof that the policy as written had attached to it a rider modifying the accidental death provisions as contained in the policy itself. Following a verdict in her favor, the court, though it found sufficient evidence of accident, granted a new trial; plaintiff's appeal is from that order.

By the terms of the policy in evidence, identified by plaintiff, her claim for accidental death benefits is barred because death resulted in the course of an assault. The policy specifically provides: "The additional benefit shall not be payable ...... if the insured's death is the result of participation in an assault or felony ......" To avoid this exception in the policy, plaintiff on the trial offered in evidence a rider signed by the secretary of defendant company which she said was attached to the policy when delivered to the insured. She gave as a reason for removing it: "I taken it off because I figured I needed it." This rider contained the same provision as the policy itself as to benefits from accidental death, except that the above quoted clause relating to participation in an assault or felony was omitted. The rider, admitted in evidence, showed evidence of having been attached to something; there is a residue of paste on the back of one end of it and that end is ragged, indicating that part of the paper had adhered to whatever it had been attached when torn from it. There were no corresponding marks

or evidence of any kind on the original policy indicating that anything had ever been attached to it. Defendant's testimony was, that in 1928 it first began writing industrial policies with a double indemnity feature for accidental death; that all policies written thereafter were in the same form as the one delivered to plaintiff's insured in 1937; that a rider, in the form offered in evidence, was used by the company only as a concession to holders of old policies issued prior to December 1928, none of which contained any provisions for accidental death benefits. It is defendant's contention that plaintiff in some manner obtained a rider which had been removed from one of these old contracts of insurance on the life of someone other than her husband, and by means of it sought to recover benefits in fraud of defendant company, by substituting its provisions for those contained in the policy. The rider in evidence contains no reference to the policy in suit, except a notation in pencil of the number of the policy and the name of the insured.

Plaintiff was barred by the provisions of the policy standing alone. She could recover only by varying its terms. This she sought to do by the production of the rider and by evidence—for the most part her testimony, and all of it oral—that the rider was attached to the policy when it was delivered to her husband. She attempted to unite two separate instruments in writing into one written contract, on her oral testimony that they were physically attached to each other by the company, and, together, were delivered to the assured as his policy of insurance. To thus read the rider into the terms of the original policy was an attempt to vary the terms of a written instrument by parol evidence.

The trial judge charged the jury that plaintiff could not recover except upon their finding, in effect by a fair preponderance of the evidence, that the policy in evidence was modified by the rider. The rule is that a

higher degree of proof is required; that parol evidence, to work that result, must be "clear precise and indubitable" or "clear and convincing" or "clear and satisfactory." "The phrase [variously stated as above] has a technical legal meaning. That meaning is that the witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Broida v. Travelers Ins. Co.*, 316 Pa. 444, 175 A. 492; *Aliquippa N. Bk. v. Harvey*, 340 Pa. 223, 16 A. 2d 409. Under the unusual circumstances of this case, if the proof met the above standard, it was not necessary to show fraud, accident or mistake. The trial judge was of the opinion that his neglect to charge the jury as to the proper degree of proof required, justified setting aside the verdict and the court granted a new trial on that ground alone.

The propriety of the order does not depend on whether the failure to so charge was fundamental error; that is not before us. The question, rather, is whether, in view of the quality of plaintiff's testimony, the court exceeded its proper discretion in ordering a new trial on that specific ground.

"The right of a court to order a new trial [though] of its own motion is indisputable. It is one of the essential functions of a judge sitting with a jury": *Com. v. Gabor*, 209 Pa. 201, 58 A. 278. And, in granting a new trial, there is a presumption that the trial court exercised a sound discretion. *Graham v. Graham*, 1 S. & R. 330. Even an appellate court has the same power, in the interest of justice, where the trial judge has erroneously charged on the burden of proof. *Rex et al. v. Lehigh Val. Transit Co.*, 116 Pa. Superior Ct. 603, 177 A. 226. The scope of an appeal from an order of the

lower court granting a new trial, "is very limited, so far as the considerations which may prevail are concerned, and ...... in this class of appeals we seldom reverse": *Class & Nachod B. Co. v. Giocobello*, 277 Pa. 530, 121 A. 333. On that authority, the present order is not a proper subject for appellate review. A decision of the question whether the trial judge should have charged the jury as to the high degree of proof required, will not govern the case to the exclusion of all other considerations. A consideration of the quality of evidence, aliunde the writings themselves, was necessary to determine what the contract was. The reason assigned by the lower court therefore does not raise a controlling question of law, for, to take that view, we would have to assume the verity of the plaintiff's testimony. The lower court could not be certain that her testimony constituted clear and indubitable proof in the minds of the jury. The reason assigned, therefore, involved the exercise of discretion: no palpable abuse of discretion appears and we therefore may not interfere with the order of the trial court. See also *Cleveland W. Mills Co. v. Myers-Jolesch Co.*, 266 Pa. 309, 109 A. 662; *March v. Phila. & West Chester Trac. Co.*, 285 Pa. 413, 132 A. 355; and cases collected in 9 Stand. Pa. Prac., Appeals, In General, §436.

The appeal is dismissed.