## Tapler *v.* Frey, Appellant.

Argued April 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Harry P. Creveling,* with him *David Freeman,* for appellants.

*Louise F. McCarthy,* with her *McFadden, Riskin, McCarthy & Holland,* for appellees.

OPINION BY GUNTHER, J., June 11, 1957:

This appeal is from the decree of the Court of Common Pleas of Lehigh County directing the reformation

of a certain deed which omitted a portion of property from the conveyance. The facts as developed are not in dispute and may be summarized briefly as follows:

In August, 1927, Emma J. Achey owned a certain tract of land in Salisbury Township, Lehigh County containing four acres, strict measure. Prior to February 1, 1946, she sold a portion of said tract and subdivided the remainder into building lots which also were sold with the exception of lot numbered four, upon which a house was erected, and lots numbered five through nine, inclusive. These six lots constituted approximately an acre of ground. Lot number four is separated from the rest of the lots in question by Ruth Street, running generally east to west, and the remaining five lots run generally south of Ruth Street. On February 9, 1956, pursuant to an advertisement of a house and land for sale, plaintiffs, John Tapler, Jr. and Gertrude M. Tapler, called on Emma J. Achey and asked to be shown the property advertised. The next day, upon instructions of Mrs. Achey, Rudolph Duld, who was living with Mrs. Achey, conducted plaintiffs throughout the house and around the other lots in question. The four lots were referred to by Mrs. Achey as the "orchard out back" and, in the presence of Mrs. Martha Bernstein, she stated that the orchard went with the house.

Plaintiffs, on February 10, 1946, paid to Mrs. Achey the sum of one hundred dollars as down payment on the agreed purchase price of $5,500.00, and received a receipt dated February 11, 1946 which stated that the payment was on account of purchase of "property and house." Subsequent thereto, plaintiffs paid Mrs. Achey's attorney the sum of nine hundred dollars and gave a purchase money mortgage for $4,500.00, being the entire consideration agreed upon. On February 23, 1946, Emma J. Achey delivered to the plaintiffs a deed drawn

by her attorney, reciting that the conveyance was subject to a purchase money mortgage. However, this description included only lot numbered four as subsequently discovered.

Mrs. Achey died on July 14, 1950, and by the terms of her will, her daughter, Mamie L. Frey was named executrix and principal heir. In 1952, the executrix requested plaintiffs to pay off the balance of the mortgage, although not due, and the plaintiffs agreed to do so by obtaining another mortgage on the premises in question. It was then discovered that the deed of the plaintiffs contained only the land on which the house was erected and did not include the other five lots. Nevertheless, a new mortgage was secured and the balance of the purchase money mortgage was paid off. Thereafter, plaintiffs received an offer for the purchase of a portion of lots numbered five through nine and when the title was searched, plaintiffs were advised that their deed did not contain lots five through nine. Upon so being informed of this fact in 1954, plaintiffs requested Mamie L. Frey and her husband to go to the office of their real estate agent, Leo J. McIntyre, to sign a deed for the lots, and although they agreed to talk to Mr. McIntyre, they failed and neglected to do so.

On September 29, 1954, plaintiffs instituted a complaint in equity seeking a reformation of the deed in question, alleging that the five lots in question were omitted from the conveyance by mutual mistake and sought to have Mamie L. Frey and Robert W. Frey, her husband, convey to them the five lots omitted. To this complaint preliminary objections were filed by the defendants which were overruled and subsequently an answer was filed. After hearing, the court below decreed that the original deed be reformed by adding thereto the five lots which were omitted.

The court below found as a fact that plaintiffs were not experienced in the handling of real estate and did not realize that their deed did not convey title to lots numbered five through nine; that immediately after the conveyance they went into possession of the house and cultivated the five lots in dispute both before and after the death of Mrs. Achey down to the present time; that at no time did Mrs. Achey or defendants make any claim to the land; that, as a matter of fact, Mrs. Mamie L. Frey, as executrix, did not include the land in question in the estate of Mrs. Achey and paid no inheritance tax thereon, although she did include the purchase money mortgage; that no taxes were paid on said land either by Mrs. Achey from 1946 until her death, by Mrs. Frey as heir, or by plaintiffs; and that defendants were aware at all times that plaintiffs claimed to be owners of the premises in question and at no time did they claim that the lots in question belonged to Mrs. Achey or her estate. The court further found as a fact that Mrs. Achey in her lifetime refused to sell lots numbered five though nine apart from lot numbered four and the house erected thereon because the house was in such poor condition that it was necessary to sell the lots with the house to effect a sale of the house; that Mrs. Achey intended to convey lot number four with the house thereon together with lots numbered five through nine to the plaintiffs for the stated consideration of $5,500.00, and that the omission of the lots in question was due to a mutual mistake of fact on the part of Mrs. Achey and the plaintiffs.

On this appeal it is contended that the evidence produced is not sufficient to establish a mutual mistake in omitting the lots from the original conveyance, and that such evidence was not so clear, precise and indubitable as to permit the reformation of the deed. It is also contended that plaintiffs have waited too long

in seeking reformation and they are barred by laches.

The testimony upon which the findings of fact are based are uncontradicted. Plaintiffs had a difficult task of proving their case by reason of the death of Mrs. Achey and the death of the attorney who drew the deed. They were barred from testifying as to negotiations with Mrs. Achey by the prohibition of section 5 (e) of the Act of 1887, May 23, P. L. 158, 28 P.S. section 322 and the Act of 1891, June 11, P. L. 287, 28 P.S. 325. While the testimony presented through others is not as strong as it might have been had the plaintiffs been permitted to testify, we find that such evidence, uncontradicted and unexplained, was sufficient by its weight to support the findings made by the court below. As we have stated so often as to require no citation of authority, the findings of a chancellor based upon sufficient competent evidence will not be lightly disturbed and has the effect of a finding of facts by a jury. The mere denial by defendants that any error or mistake was made in the original deed does not prevent the lower court to decree reformation where the evidence produced supports the fact that a mistake was made and that mistake was mutual. *Seaboard Radio Broadcasting Corp. v. Yassky,* 176 Pa. Superior Ct. 453, 107 A. 2d 618.

To justify the reformation of a deed, proof of a mutual mistake must be clear and positive. *Miller v. Houseworth,* 387 Pa. 346, 127 A. 2d 346. However, the phrases "clear, precise and indubitable" or "clear and convincing" or "clear and satisfactory" as used in these type of cases have a technical meaning which is that the witnesses must be found to be credible, that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct and weighty and convincing as to enable either a judge

or jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. *Tate v. Metropolitan Life Insurance Co.*, 149 Pa. Superior Ct. 558, 27 A. 2d 283; *Aliquippa National Bank v. Harvey*, 340 Pa. 223, 16 A. 2d 409. The uncontradicted testimony of both Rudolph Duld and Martha Bernstein was to the effect that Mrs. Achey stated just prior to the conveyance that the house and the lots in question were to be included in the conveyance. This testimony was directed to the very crux of the issue raised and clearly indicated the intention of Mrs. Achey regarding what was to be conveyed. This evidence, together with other evidence as exemplified by the findings of fact, is sufficient to sustain the conclusion that there was a mutual mistake which justified a reformation of the instrument.

The doctrine of laches is not applicable under the facts of the instant case. The court below found that plaintiffs were not experienced in the handling of real estate and did not realize that their deed did not convey title to lots numbered five through nine. Negligence was negatived. As a matter of fact, the testimony disclosed that the transaction was handled by the attorney representing Mrs. Achey who apparently drew both the deed and the purchase money mortgage. Plaintiffs went into complete possession of the premises immediately and have continued that possession down to the time of commencing their action. Defendants were aware at all times that plaintiffs claimed ownership of the premises and they never claimed ownership for themselves. The earliest positive and definite knowledge which may be imputed to plaintiffs that they did not own all of the premises in question arose in 1952, when the request for payment of the purchase money mortgage was made. In any event, there has been no change in the position of the parties. Plaintiffs were

246

in undisturbed possession of the premises and there was no occasion to bring their action earlier. Laches will not be imputed to one constantly and in complete possession of premises the title to which is in controversy. *Fitzpatrick v. Fitzpatrick,* 346 Pa. 202, 29 A. 2d 790.

The decree of the court below is affirmed. We have been informed that Mamie L. Frey died since the appeal was filed. Robert W. Frey, the other defendant, was joined merely as a party to give the court jurisdiction to compel him to join in signing a new deed if such were necessary. We, therefore, direct that the cost of the appeal be placed against the estate of Mamie L. Frey, deceased.