Melvin H. JENSEN, Plaintiff and Respondent,

v.

MANILA CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, a corporation sole, and John Tinker and Genevieve L. Tinker, his wife, Defendants and Appellant.

No. 14806.

Supreme Court of Utah.

May 18, 1977.

Joseph C. Rust, Kirton, McConkie, Boyer & Boyle, Salt Lake City, for defendants and appellant.

Robert L. Backman and David B. Boyce, Backman, Clark & Marsh, Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Before us is a judgment of the District Court allowing reformation of a real estate contract. The matter was tried to the court. The judgment on appeal increased the size of the parcel to be conveyed, over that called for by the legal description. Attorney's fees were awarded to plaintiff. We affirm. Costs to plaintiff.

It should be noted John Tinker and Genevieve L. Tinker have not joined in the appeal, consequently our action deals directly only with plaintiff Jensen, hereafter Jensen, and defendant Manila Corporation of the Church of Jesus Christ of Latter-day Saints, hereafter the Church.

In May of 1965, the two parties entered into an earnest money receipt and offer to purchase, wherein the property offered and accepted was described as an abandoned L. D. S. Chapel, approximately one-third acre of ground, Manila City, Daggett County, State of Utah. At this time the Church was record title owner of all the property between the established fence lines. Prior to the execution of this earnest money receipt, the real estate agent of the Church had shown the property to Jensen, and had represented the property for sale was the property within the existing fence lines.

After the execution of the earnest money receipt the Church executed and delivered to defendant Tinker a quit claim deed conveying the south 32 feet of the property within the fence lines. It is this thirty-two foot strip Jensen sought and was awarded by the court.

In November of 1965 a real estate contract was executed by Jensen and the Church. In this contract the realty was described, from a reference point, by definite calls, as having the dimensions of 100 × 150 feet.

Some years later a difficulty developed between Jensen and Tinker, because the Jensen's use of the 32 foot strip. This ultimately resulted in the lawsuit here on appeal. It is Jensen's claim he bought what he saw when the Church's realtor exhibited the property to him. It is the Church's claim that all it had to sell was the recorded parcel of 100 × 150 feet.

■ It is the Church's contention parol evidence must be excluded if the description of the property is definite and certain. We reject this view, and hold parol evidence is admissible in an action for reformation; to show the writing did not conform to the intent of the parties.[1] See also *Sine v. Harper*.[2] In *Sine* this court said:

Appellant is in error in her contention that testimony concerning the mistake was inadmissible because it varied the terms of a written contract. If such a contention could be sustained then the equitable theory of reformation of contracts would not apply to written instruments. The right to reform is given, at least in part, so as to make the written instrument express the bargain the parties previously orally agreed upon. When a writing is reformed the result is that an oral agreement is by court decree made legally effective although at variance with the writings which the parties had agreed upon as a memorial of their bargain. The principle itself modifies the parol evidence rule.

In accord is also *Janke v. Beckstead*.[3]

■ With reference to mistake as a ground for reformation, the general rule on the three types of mistakes, which will justify reformation of a deed or land contract, is stated in 6 Powell on Real Property, Section 903 at 268.8–.10 (1977):

The power to obtain the reformation of a written instrument exists when it can be satisfactorily proved (1) that the instrument, as made failed to conform to what both parties intended; or (2) that the claiming party was mistaken as to its actual content and the other party, knowing of this mistake, kept silent; or (3) that the claiming party was mistaken as

---

1. Corbin, Contracts 536 (1 Volume edition 1952).

2. 118 Utah 415, 428, 429, 222 P.2d 571, 578.

3. 8 Utah 2d 247, 332 P.2d 933, 934 (1958).

to actual content because of fraudulent affirmative behavior.

This case is clearly one where the written instrument failed to conform to what both parties intended.

█ The court found the real estate agent was acting as the agent of the Church. It was clearly shown the agent believed, and represented, the fence line was the correct boundary. The Church makes the claim it cannot be bound, as to its intent, by the representations of its agent. We do not agree. A representation by a real estate agent as to quantity of land, or boundary lines, is generally held to be binding on the principal. This court so held in *Janke,* supra. See also 58 A.L.R.2d 74.

█ The Church also raises the claim of laches, and says it has been prejudiced because plaintiff unreasonably delayed bringing the action. The court found plaintiff to have been continuously in possession of the disputed property. The claim of laches is adequately answered in *Tapler v. Frey.*[4] There the court rejected such a claim and said:

> Plaintiffs were in undisturbed possession of the premises and there was no occasion to bring their action earlier. Laches will not be imputed to one constantly and in complete possession of premises, the title to which is in controversy.

The contract provided for attorney's fees.

15. Buyer and Seller each agree that should they default in any of the covenants or agreements contained herein, that the defaulting party shall pay all costs and expenses, including a reasonable attorney's fee, which may arise or accrue from the enforcement of this agreement, or in obtaining the possession of the premises covered hereby, or in pursuing any remedy provided hereunder by the statutes of the State of Utah, such remedy is pursued by filing of a suit or otherwise.

█ Here Jensen pursued a proper remedy to obtain possession of the premises encompassed within the bargain previously agreed upon. That bargain is part of the subject matter of the contract allowing recovery of attorney fees. We do not rewrite the contract, we merely allow the writing to be made to conform, to the contract as made.

CROCKETT, WILKINS and HALL, JJ., concur.

ELLETT, Chief Justice: (Dissenting)

On November 1, 1965, the appellant (hereafter referred to as the Corporation) and the respondent entered into a real estate Contract of Sale which among other matters contained the following pertinent paragraphs:

1. Seller, for the consideration herein mentioned agrees to sell and convey to the Buyer, and the Buyer for the consideration herein mentioned, agrees to purchase the following described real property, situate in the County of Daggett, State of Utah, more particularly described as follows:

> Beginning at a point 2 rods West and 363 feet South of the Northeast corner of Section 24, Township 3 North, Range 19 East of the Salt Lake Meridian and running thence South 100 feet; thence West 150 feet; thence North 100 feet; thence East 150 feet to beginning.

\* \* \* \* \* \*

14. It is hereby expressly understood and agreed by the parties hereto that Buyer accepts said property in its present condition, and that there are no representations, covenants or agreements between the parties hereto with reference to said property, except as specifically set forth or attached hereto.

There were no representations set forth in, or attached to, the agreement. Therefore the agreement being unambiguous cannot be reformed unless there was a mutual mistake of fact.

4. 184 Pa.Super. 239, 132 A.2d 890 (1957).

**66**

There is no evidence of any fraud or misrepresentation on the part of the Corporation, nor did the trial court find any such basis for granting relief to the respondent.

It seems that on or about May 15, 1965, a real estate agent showed the property to the respondent and secured a conditional agreement of the Corporation to sell approximately one-third acre of land. The condition attached was that the agreement be approved by the legal department of the General Church office at Salt Lake City, Utah. No such approval was ever obtained and so the only agreement between the parties is that dated November 1, 1965.

The respondent claims that when the real estate agent pointed out the ground to him he represented that the land offered for sale was the land within the fences.

On or about July 7, 1965, and prior to the date of the agreement to sell the property the Corporation and defendants Tinker exchanged Quit Claim Deeds so as to clear up a boundary problem between their adjoining properties, and at the time of the sale the Corporation only owned the plot of land described in the agreement, to-wit: An area 100 feet by 150 feet.

There is no evidence of any mistake on the part of the Corporation in regard to the amount of land being sold. It sold all it owned and knew what it owned. The most that can be said is that the real estate salesman may have been mistaken when he showed the land to the respondent, but any representations which he may have made in May were waived in the written agreement between the parties dated November 1, 1965.

The court erred in admitting evidence regarding any oral representation which may have been made by the real estate agent six months prior to the agreement to sell. The respondent agreed to buy a parcel of land definitely described and he got a deed for that exact parcel and that is all he is entitled to.

The judgment insofar as it awards any land to the respondent other than that set out in the agreement should be reversed.

The appellant is entitled to its costs including attorney's fees below and on appeal.

The case should be remanded for the trial court to fix the amount of the attorney's fees and costs.