**2020 UT App 65**

# THE UTAH COURT OF APPEALS

IN THE MATTER OF THE ESTATE OF RONALD CLIFTON DEETER

EMILY DEETER,
Appellant,
*v.*
ROBERT BARRY DEETER,
Appellee.

Opinion
No. 20190179-CA
Filed April 23, 2020

Second District Court, Ogden Department
The Honorable Mark R. DeCaria
No. 180900536

Brett W. Hastings, Attorney for Appellant

Joseph A. Skinner, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion, in which JUDGE KATE APPLEBY concurred. JUDGE DAVID N. MORTENSEN concurred, with opinion.

CHRISTIANSEN FORSTER, Judge:

¶1      Emily Deeter and the Estate of Ronald Clifton Deeter (collectively, Emily) appeal the district court's grant of summary judgment in favor of Robert Barry Deeter (Barry).[1] We affirm.

---

1. As is our practice in cases where both parties share a last name, we refer to the parties by their first names with no disrespect intended by the apparent informality.

BACKGROUND

¶2    In 1999, Ronald Deeter (Ron) opened several retirement accounts with TIAA/CREF through his employment at Weber State University. At the same time, Ron executed a designation of beneficiary for these retirement accounts (the 1999 Beneficiary Designation) naming his then-wife, Christy, as the primary beneficiary and his brother, Barry, as the contingent beneficiary.

¶3    Ron divorced Christy in 2004 and married Emily in 2005. Ron never changed the beneficiaries on his retirement accounts, though Christy was removed by operation of law following their divorce. In 2015, Ron opened new accounts with Fidelity Investments. Ron named Emily as the primary beneficiary and Barry as the contingent beneficiary of the Fidelity accounts. Ron told Emily that she was to be the sole beneficiary of his retirement accounts. However, he never changed the 1999 Beneficiary Designation. Ron passed away on June 3, 2016, at which time approximately $299,000 remained in his TIAA/CREF accounts.

¶4    Pursuant to the 1999 Beneficiary Designation, TIAA/CREF distributed all the funds in the TIAA/CREF accounts to Barry. Emily asked Barry to give her the funds because Ron had intended for her to have them. Barry refused, and Emily sued him. Emily raised claims based on testamentary intent and unjust enrichment, requesting that the district court order Barry to remit the funds to her.

¶5    Barry moved for summary judgment on both claims. He asserted that testamentary intent is irrelevant because the retirement accounts are administered based on a contract and are therefore nontestamentary in nature. He further argued that Emily could not claim unjust enrichment, because she did not confer a benefit on him and because a contract governed the distribution of the funds.

¶6      Emily opposed Barry's motion, asserting that genuine issues of material fact precluded summary judgment and that summary judgment was premature because discovery was still ongoing. She did not file a rule 56(d) affidavit requesting additional time for discovery. A week before the hearing on the summary judgment motion, Emily moved the court for leave to amend her complaint to add TIAA/CREF as a defendant and to allege additional facts and causes of action.

¶7      The district court held a hearing on Barry's summary judgment motion and took the matter under advisement. The court did not address Emily's motion to amend other than to acknowledge that it had been filed but was not ripe for consideration, as Barry had not yet had the opportunity to respond.

¶8      Following the summary judgment hearing, the parties completed briefing on the motion to amend, but Emily never submitted the motion to the court for decision. Subsequently, the district court issued an order granting Barry's summary judgment motion. The order did not address Emily's motion to amend.

¶9      In ruling on the summary judgment motion, the court determined that Ron's retirement accounts were nontestamentary. Therefore, it concluded that "testamentary intent does not apply and is insufficient to modify the contract" between TIAA/CREF and Ron. The court determined "that there are no genuine issues of material fact concerning the validity of the beneficiary designation and [Barry] is entitled to judgment as a matter of law." With respect to Emily's assertion that more discovery was needed, the court determined that Emily "failed to meet the requirements of 56(d) by not providing an affidavit or declaration specifying the need for discovery" and that, in any event, the likelihood of finding anything to defeat summary judgment through further discovery was speculative. Based on

these conclusions, the court granted Barry's motion for summary judgment. Emily now appeals.

ISSUES AND STANDARDS OF REVIEW

¶10 Emily first asserts that the district court entered summary judgment prematurely and should have given her additional time for discovery before considering the motion. We review the denial of a request for further discovery for abuse of discretion. *See Energy Mgmt. Services, LLC v. Shaw*, 2005 UT App 90, ¶ 8, 110 P.3d 158.

¶11 She further challenges the court's grant of summary judgment to Barry. "We review a summary judgment for correctness, giving no deference to the district court's decision." *Kuchcinski v. Box Elder County*, 2019 UT 21, ¶ 11, 450 P.3d 1056 (quotation simplified).[2]

---

2. Emily also asserts that the district court should have granted her motion for leave to amend her complaint. However, this issue is unpreserved. Emily never submitted her motion to amend for a decision by the court. *See* Utah R. Civ. P. 7(g) ("[I]f no party files a request, the motion will not be submitted for decision."); *see also Atlantic Credit & Fin., Inc. v. Jensen*, 2011 UT App 12, ¶ 2 & n.1, 246 P.3d 1213 (per curiam) (concluding that where a defendant did not file a notice to submit her motion to dismiss before the entry of judgment, the motion was never properly before the district court for decision and was not preserved for appeal). She suggests that she did not do so because she was under the impression, from a telephone conference with the court, that the court intended to rule on the motion at the same time it issued its summary judgment ruling. However, even accepting that this is true, and assuming that it

(continued…)

ANALYSIS

I. Completion of Discovery

¶12 Emily first argues that the district court should have permitted her to complete discovery before considering the motion for summary judgment. When a summary judgment motion has been filed, rule 56(d) of the Utah Rules of Civil Procedure permits the nonmoving party to request additional time "to obtain affidavits or declarations or to take discovery" where "it cannot present facts essential to justify its opposition." Utah R. Civ. P. 56(d). To do so, the nonmoving party is required to show, "by affidavit or declaration," the "specified reasons" it cannot present such facts. *Id.* Moreover, "the party opposing summary judgment must 'explain how the continuance will aid her opposition to summary judgment.'" *Heslop v. Bear River Mutual Ins. Co.*, 2017 UT 5, ¶ 54, 390 P.3d 314 (quotation simplified) (quoting *Callioux v. Progressive Ins. Co.*, 745 P.2d 838, 841 (Utah Ct. App. 1987)). That is, the opposing party must explain how additional discovery is necessary to provide the court with information that will defeat summary judgment, thereby confirming that the party is not simply undertaking a discovery fishing expedition. *Id.*

---

(…continued)
could excuse her failure to file a notice to submit, Emily never filed any post-judgment motion alerting the court to its failure to rule on her motion to amend. *See Seamons v. Wiser*, 2020 UT App 33, ¶ 14 (declining to consider a challenge to the district court's failure to rule on a motion where the movant never alerted the district court to the oversight). Because the district court "was not afforded an opportunity to correct the alleged error," this issue is not preserved. *See id.* (quotation simplified).

¶13    Emily did not file a rule 56(d) affidavit or declaration explaining why she was unable to support her opposition to summary judgment with the information she already possessed or how discovery of additional information would allow her to defeat Barry's motion. Rather, she simply argued in her opposition to Barry's motion that summary judgment was premature because discovery had not yet concluded. Because Emily's discovery challenge did not comply with the requirements of rule 56(d), the district court did not abuse its discretion in disregarding it.

## II. Summary Judgment

¶14    Emily next asserts that the district court erred in granting Barry's summary judgment motion because there were genuine issues of material fact that precluded summary judgment. The two causes of action asserted in Emily's complaint were testamentary intent and unjust enrichment. Emily asserted that there were disputes of fact regarding the enforceability of the 1999 Beneficiary Designation, Ron's intentions, and whether Ron revoked the 1999 Beneficiary Designation. However, none of these facts are relevant to either of the two causes of action Emily raised in her complaint. Thus, even accepting her assertion that disputes of fact existed, the district court did not err in concluding that these disputes were not material to the causes of action before it.

¶15    The Utah Code provides that retirement contracts such as the one at issue are "nontestamentary." Utah Code Ann. § 75-6-201 (Michie 1993). The concept of testamentary intent pertains to testamentary writings such as wills and codicils. *See id.* § 75-2-503 (LexisNexis Supp. 2019) (explaining that "clear and convincing evidence" of testamentary intent may permit a court to enforce a testamentary writing that was not properly executed); *id.* § 75-2-513 (explaining the requirements for a writing concerning disposition of personal property to serve "as

evidence of the intended disposition"). Funds governed by nontestamentary writings, such as contracts for the disposition of retirement funds, cannot be devised by will, and therefore the nontestamentary writings cannot be altered by other testamentary writings. *See Uckerman v. Lincoln Nat'l Life Ins. Co.*, 588 P.2d 142, 144 (Utah 1978). The beneficiary designation was governed by the contract Ron entered into with TIAA/CREF, and thus Ron's testamentary intent could have no impact on the distribution of the funds.

¶16 Even if the 1999 Beneficiary Designation were unenforceable or had been revoked, Ron's testamentary intent would not govern the distribution of the funds. Rather, the terms of the contracts would still govern the funds' distribution. Emily did not raise any cause of action regarding the validity or enforceability of the contracts.[3] Thus, any disputes of fact regarding the enforceability of the contracts were not material to the testamentary intent issue.[4]

---

3. Emily attempted to do so later by moving to amend her complaint. However, the district court never ruled on that motion; therefore, this challenge is not properly before us. *See supra* note 2.

4. Emily attempts to place the burden on Barry to prove that he was entitled to the funds. For example, she states that "[t]o determine the propriety of [Barry's] asserted right to Ron's [retirement funds], not only must [Barry's motion for summary judgment] establish that right through the plain language of the alleged contracts, [Barry] must establish that the alleged contracts remained valid and enforceable at the time of Ron's death." This is a misstatement of the burdens of proof applicable in summary judgment motions. "While the moving party bears the burden of proof on its summary judgment motion, viz. that

(continued…)

¶17    As to Emily's unjust enrichment claim, she has not raised any challenge to either the adequacy or the substance of the district court's ruling on appeal,[5] and has not explained how the alleged disputes of fact were material to an unjust enrichment claim. Thus, we do not further consider the propriety of the court's summary judgment ruling on that cause of action.

---

(…continued)

there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law, in opposing a motion for summary judgment, the plaintiff still has the ultimate burden of proving all the elements of his or her cause of action." *Gerbich v. Numed Inc.*, 1999 UT 37, ¶ 12, 977 P.2d 1205 (quotation simplified); *see also Salo v. Tyler*, 2018 UT 7, ¶ 26, 417 P.3d 581 ("[A] movant who seeks summary judgment on a claim on which the nonmoving party bears the burden of persuasion may show that there is no genuine issue of material fact without producing its own evidence."). Barry already received the funds by operation of Ron's contract with TIAA/CREF. It is Emily who challenged the allocation of those funds based on testamentary intent and unjust enrichment. It is Emily's burden, as plaintiff, to establish the prima facie elements of her claims against Barry. To obtain summary judgment, Barry did not need to prove that he was entitled to the funds or that the contracts were enforceable; rather, he was required to show only that there was no legal or factual basis for Emily to establish the elements of her causes of action.

5. Barry asserted below that Emily could not establish her unjust enrichment claim, because she did not confer a benefit on Barry. *See Concrete Products Co., a Div. of Gibbons & Reed v. Salt Lake County*, 734 P.2d 910, 911 (Utah 1987). The district court did not make detailed conclusions of law on this issue, but it granted Barry's motion with respect to both of Emily's causes of action.

CONCLUSION

¶18    Because Emily did not comply with the requirements of rule 56(d) to demonstrate why she needed more time to obtain information to oppose Barry's summary judgment motion, the district court did not err in declining to give her additional time for discovery before ruling on that motion. Further, we will not disturb the district court's grant of summary judgment to Barry, because testamentary intent could not modify the retirement contracts and Emily has not challenged the court's ruling with respect to her unjust enrichment claim. Accordingly, we affirm.

———————

MORTENSEN, Judge (concurring):

¶19    I fully concur in the majority opinion, but I write separately because this case arises out of a frequent circumstance associated with motions for summary judgment—the misuse of rule 56(d) of the Utah Rules of Civil Procedure. Appellant attempted to move the district court, pursuant to rule 56(d), to deny its disposition of a pending motion for summary judgment by asking the court to allow more time for discovery to be concluded. Appellee notes that this motion was not made separately as required by rule 7(n). But a bigger barrier stands in the way of Appellant's motion for additional discovery pursuant to rule 56(d): no such motion exists under that rule.

¶20    The Utah Supreme Court has identified motions to reconsider as the cheatgrass[6] of litigation. *See Gillett v. Price,* 2006

———————

6. Much reviled by farmers, ranchers, and other land cultivators, cheatgrass is an invasive species of grass that invades and contaminates hay, grain, straw, and farm machinery. The grass literally sucks life-giving moisture from the ground, killing more productive plant life around it. *See generally Cheatgrass*, Utah

(continued…)

UT 24, ¶ 9, 135 P.3d 861 ("[M]otions to reconsider 'have proliferated in civil actions to the extent that they have become the cheatgrass of the litigation landscape . . . .'" (quoting *Shipman v. Evans,* 2004 UT 44, ¶ 18 n.5, 100 P.3d 1151)). Certainly, rule 56(d) "motions" have become the bindweed[7] of motion practice connected with motions for summary judgment. A "rule 56(d) motion" is a misnomer; no such thing exists in rule 56.[8] Both the current version of 56(d) and the old version—rule 56(f)—indicate that if a party believes it cannot respond to a motion because further discovery is required, that party may file an affidavit or declaration, *not a motion*, which must "for specific reasons" (new 56(d)) or "for reasons stated" (old 56(f)) show that the needed

---

(…continued)
State Univ. Extension, https://extension.usu.edu/rangeplants/grasses-and-grasslikes/cheatgrass [https://perma.cc/CE4B-TUQ].

7. Bindweed, often mistaken for morning glory, is nearly impossible to eradicate because its roots travel deep, and it binds, or chokes, the life out of plants near it. *See generally Field Bindweed*, Utah State Univ. Extension, https://extension.usu.edu/rangeplants/forbsherbaceous/field-bindweed [https://perma.cc/6H2K-C8GY].

8. I recognize that the appellate courts of this state have discussed and passively approved of "56(d) motions." We make mistakes too. The plain language of the rule provides for no such motion. These motions constitute bindweed because they needlessly add to the cost of litigation, slow the consideration of motions, and rarely, if ever, accomplish anything that the simple affidavit actually referred to in the rules could not. Motions beget oppositions, which beget replies, and often beget motions to strike, obfuscating and choking out of perspective the real issues presented by the motion for summary judgment.

discovery goes to facts "essential to justify the party's opposition." Utah R. Civ. P. 56(d). "Essential to justify" means legally essential, or in other words, legal analysis which shows that the facts to be discovered would matter in the context of the pending motion for summary judgment. The amendment to rule 56 adding the word "specific" seems to indicate that a general assertion for needed discovery would never suffice.

¶21 So, in my view, here's how the rule-drafters actually intended things to go: if the party cannot sufficiently oppose a motion for summary judgment, because that party needs to do further discovery, that party is attempting to locate other documents or evidence, or that party needs further time to obtain an affidavit, in lieu of any of that, that party files a rule 56(d) affidavit. This affidavit explains *what* specifically needs to be obtained. Then, in his or her opposing memorandum, the party explains *how and why* that evidence matters in the context of the pending motion for summary judgment. Finally, in his or her reply memorandum, the moving party explains—if it can— why whatever is said in the rule 56(d) affidavit/opposing memorandum is wrong or misses the mark.

¶22 An analogous rule: while prior practice often included motions to strike in the context of summary judgment when a party allegedly relied upon inadmissible evidence, the current rule, wisely, bans such practice. *See* Utah R. Civ. P. 7(n) ("A party who objects to evidence in another party's motion or memorandum may not move to strike that evidence."); *id.* R. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); *see also id.* R. 7(d)(1)(C) ("The memorandum must include under appropriate headings . . . objections to evidence in the motion, citing authority for the objection."); *id.* R. 7(e)(1)(C) ("The memorandum must include under appropriate headings . . . objections to evidence in the

memorandum opposing the motion, citing authority for the objection . . . .").

¶23   Just as motions to strike inadmissible evidence in this context do not exist and should not occur, "rule 56(d) motions" do not exist and should not occur either. "That's the way it's always been done" is no excuse. "Rule 56(d) motions" are not rooted in the rules and should not be filed.

———————